James R. DUNCAN et al.,
Plaintiffs,

v.

GOODYEAR TIRE AND RUBBER COMPANY, Defendant.

No. 74-C-150.

United States District Court,
E. D. Wisconsin.

March 28, 1975.

Milwaukee Legal Services by Larry Farris, and Richard M. Klein, Milwaukee, Wis., for plaintiffs.

Foley & Lardner by John S. Skilton and Steven E. Keane, Milwaukee, Wis., for defendant.

## ORDER

MYRON L. GORDON, District Judge.

After the plaintiff and the defendant submitted a stipulation and order for dismissal, I issued an order dated October 3, 1974, expressing the view that members of the class alleged in the complaint were entitled to notice of the application for dismissal. I requested counsel for both parties to submit their views as to how such notice should be accomplished. Each party has complied with the October 3, 1974, order.

Both parties continue to oppose my view that notice of a proposed settlement pursuant to Rule 23(e), Federal Rules of Civil Procedure, must be given to members of a class which is alleged to exist in the complaint but which has not yet been certified under Rule 23(c), Federal Rules of Civil Procedure. There is also strong disagreement concerning who shall bear the cost of the notice. I conclude that notice is required and that it should be given at the defendant's expense.

In a letter to the court dated February 13, 1975, counsel for the plaintiff urges that Rule 23(e), Federal Rules of Civil Procedure, is not applicable until a class action is certified as such under Rule 23(c). The plaintiff relies on the following language in Sosna v. Iowa, 419 U.S. 393, 399, 95 S.Ct. 553, 557, 42 L. Ed.2d 532, n. 8 (1975):

> "The certification of a suit as a class action has important consequences for the unnamed members of the class. . . . Once the suit is certified as a class action, it may not be settled or dismissed without the approval of the court. Rule 23(e)."

While I recognize its apparent applicability, I find nothing in the above quotation which is actually inconsistent with the views I stated in the October 3, 1974, order; in my opinion, the Supreme Court's observation that notice is required after certification intimates no view on the more difficult question presented by this case: is notice of a compromise also required *before* a class action certification? I remain convinced that notice to the alleged class members is mandated by Rule 23(e).

Each party insists that the other should bear the cost of the notice. I have already indicated that such burden should fall on the defendant. First, the plaintiff is indigent, and the defendant does not deny that it has the means to finance a method of notice entailing relatively modest costs. Secondly, although

the defendant insists on its lack of unlawful behavior, the plaintiff's position is vindicated to some extent since the defendant has agreed to pay him $10,000 in settlement.

 The defendant takes no position with respect to the plaintiff's suggestions regarding the form of the notice or the method by which it should be accomplished. Instead, the defendant contends that the effort needed to reach those who might arguably be in the alleged class would involve unwarranted expense. The defendant therefore urges that the precise scope of the class, if any, be determined by a formal motion under Rule 23(c)(1), Federal Rules of Civil Procedure. I believe that a satisfactory notice can be formulated without a determination whether this action may be maintained as a class action pursuant to Rule 23(c)(1).

Accordingly, the parties are hereby advised that a hearing on the application for dismissal is set for 10:00 A.M., June 13, 1975, in room 225 Federal Building, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202, before the undersigned.

Therefore, IT IS ORDERED that the defendant, at its expense, cause the appended "NOTICE TO ALL EMPLOYEES AND APPLICANTS FOR EMPLOYMENT IN SERVICE STORES OF GOODYEAR TIRE AND RUBBER COMPANY" to be posted in each of the defendant's service stores located throughout the United States.

IT IS ALSO ORDERED that the annexed notice be placed in those parts of the stores where notices to employees and applicants are normally posted.

IT IS FURTHER ORDERED that the annexed notice be posted as prescribed above and maintained for a period of 30 days beginning on April 28, 1975.

IT IS FURTHER ORDERED that on or before June 9, 1975, counsel for the defendant submit to the court an appropriate affidavit verifying dissemination of the annexed notice to members of the alleged class in the manner prescribed by this order.

## APPENDIX

### NOTICE TO ALL EMPLOYEES AND APPLICANTS FOR EMPLOYMENT IN SERVICE STORES OF GOODYEAR TIRE AND RUBBER COMPANY

This notice, pursuant to the order of the United States district court for the eastern district of Wisconsin, dated March 28, 1975, is to report on the pendency and background of the case of James R. Duncan and all others similarly situated, plaintiffs, v. Goodyear Tire and Rubber Company, defendant, and the motion by the parties seeking to dismiss the action.

This action was commenced on or about April 19, 1974, by the plaintiff for himself and allegedly on behalf of black persons who are employed or might be employed by Goodyear Tire and Rubber Company at its service stores located in the United States whose employment or application for employment was allegedly affected adversely because of arrest-conviction records, and an alleged inability to obtain fidelity bonding because of said records.

On September 26, 1974, the parties to this action entered into a stipulation for this action to be dismissed on its merits with prejudice to the named plaintiff only. Since this action was begun as a class action, the United States district court has treated the parties' submission of its stipulation and proposed order as a motion to dismiss the action, which requires approval of the court and notice to members of the alleged class.

The stipulation accompanying the proposed dismissal contains the following statements of policy with respect to members of the alleged class:

"(a) Goodyear Tire and Rubber Company shall not inquire into or question job applicants or em-

ployees as to prior arrests that did not result in convictions. Arrests not resulting in convictions shall not operate to deny any applicant employment.

"(b) With respect to applicants for employment who have one or more convictions, Goodyear shall consider all known particulars of said arrest-conviction. Among the factors which may then be considered are the nature of the crime charged, whether any charge was dropped or reduced, and whether the person pleaded guilty or was found guilty by the trier of fact. The decision on each applicant shall be made on an individual basis and based on all information known about him considered in the context of the nature of the position being sought.

"(c) With respect to employees who are arrested, when absenteeism results therefrom, Goodyear shall put the individual on leave of absence without pay; if the individual is not detained, he shall be permitted to continue working. This policy does not apply to employees who are involved in company theft or defalcations, or in violations of company policy. If convicted, the individual shall be permitted to remain in the defendant's employ if in the company's opinion, the crime of which he was convicted is not symptomatic or indicative of a possibility of future business-related problems for the company or its customers. When an individual is incarcerated after having been convicted, it is the company's practice to terminate his employment.

"If Goodyear cannot obtain fidelity bonding for an employee from its usual commercial bonding source, the Company shall apply for bonding under the Federal Bonding Program. If federal bonding can be obtained, with limits no less than those Goodyear would normally obtain from its usual commercial carrier, then Goodyear shall accept federal bonding in lieu thereof. Goodyear shall demand that its usual commercial fidelity bonding carrier not disqualify persons for bonding who have prior arrests which did not result in convictions."

Further, it has been agreed that the plaintiff, James R. Duncan, is to receive $10,000 as a part of the proposed settlement.

It is the purpose of this notice to advise all persons who deem themselves members of the alleged class of the pendency of the motion to dismiss, to permit them to offer to the court any objections they may have to the dismissal motion and to allow them to intervene as potential class representatives. Any person desiring to appear for such a purpose may file appropriate motions or objections with the clerk of the United States district court for the eastern district of Wisconsin on or before June 9, 1975, marked for reference to the Honorable Myron L. Gordon, district judge, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202.

The plaintiff's counsel are Larry Farris and Richard M. Klein, Milwaukee Legal Services, Inc., 2535 West Center Street, Milwaukee, Wisconsin 53206, and the defendant's counsel are Steven E. Keane and John S. Skilton, Foley & Lardner, 777 East Wisconsin Avenue, Milwaukee, Wisconsin 53202.

For a more detailed statement of the matters involved in this action, reference is made to the pleadings, interrogatories, answers to interrogatories, and other papers filed in this action under case number 74–C–150, all of which may be inspected at the office of the clerk of

the United States district court for the eastern district of Wisconsin, room 398, Federal Building, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202.

A public hearing on the application for dismissal will be held at 10:00 A.M., June 13, 1975, in room 225 Federal Building, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202, before the Honorable Myron L. Gordon.