**John HAMM, Linda Conolly, Elaine Decembrino, and Kelly Bohm, Plaintiffs,**

v.

**RHONE–POULENC RORER PHARMACEUTICAL, INC., a Delaware Corporation, Robert A. Becker, Inc., a New York Corporation, Dr. Alexander Graham Turpie, and Does 1 through 100, inclusive, Defendants.**

**No. Civ. 97–1329 (DSD/JMM).**

United States District Court, D. Minnesota.

Nov. 24, 1997.

James Christopher Wicka, Joseph W. Lawyer, Messerli & Kramer, Minneapolis, MN, for Plaintiffs.

James Lloyd Volling, Charles Feeney Knapp, Faegre & Benson, Minneapolis, MN, Kell M. Damsgaard, Morgan, Lewis & Bockius, Michael L. Banks, Kevin M. Donovan, Philadelphia, PA, for Rhone–Poulenc Rorer Pharmaceuticals, Inc.

Phillip Gainsley, Gainsley Law Office, Minneapolis, MN, for Dr. Alexander Graham Turpie.

## ORDER

DOTY, District Judge.

This matter is before the court on plaintiffs' objections to a Report and Recommendation of United States Magistrate Judge John M. Mason dated September 18, 1997. Also before the court is plaintiffs' voluntary dismissal and motion for voluntary dismissal and defendant Rhone–Poulenc Rorer's motion to strike plaintiffs' voluntary dismissal. Based on a review of the file and record in this case, the court adopts the recommendations of Magistrate Judge Mason, strikes plaintiffs' voluntary dismissal, and denies plaintiffs' motion for voluntary dismissal.

## BACKGROUND

Plaintiffs in this case are one present and three former employees of defendant Rhone–Poulenc Rorer Pharmaceuticals, Inc. (hereafter "RPR"), a Delaware corporation. Defendant Robert A. Becker, Inc. is a New York corporation. Defendant Alexander Graham Turpie, M.D., is a citizen and resident of Canada. The unnamed defendants are officers, managing directors, legal counsel and other persons involved in the transactions complained of by plaintiffs, essentially that RPR illegally promoted several of its pharmaceutical products by promoting off-label uses of these drugs. Plaintiffs contend that their criticism of these practices resulted in retaliatory acts by RPR. They bring one federal claim, under the RICO statute, and a group of supplemental state law claims alleging constructive discharge, defamation and other discrimination arising from their refusal to participate in RPR's alleged violations of federal law.

On August 15, 1997, RPR filed a motion pursuant to Fed.R.Civ.P. 12(b)(6) (hereafter "Rule 12(b)(6)") to dismiss the RICO counts of plaintiffs' lawsuit with prejudice for lack of standing and failure to state a claim. Plaintiff also sought dismissal of the remaining state law claims for lack of subject matter jurisdiction. See Docket No. 6. Dr. Turpie brought a similar motion, and also sought attorney fees and costs. See Docket No. 10. This matter came before United States Magistrate Judge John M. Mason on September 2, 1997.

In his ensuing Report and Recommendation dated September 18, 1997, Magistrate Judge Mason recommended that the motions of RPR and Dr. Turpie be granted, the RICO claims asserted against all defendants be dismissed with prejudice, the remaining state law claims asserted against RPR in Counts III through X of plaintiff's second amended complaint be dismissed without prejudice and the motion of Dr. Turpie for costs and attorney fees be denied. Plaintiff has filed timely objections.

Subsequent to the filing of their objections, plaintiffs filed both a voluntary dismissal and motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)–(2). Defendants have moved to strike the voluntary dismissal and oppose plaintiffs' motion.

## DISCUSSION

### A. Plaintiffs' Objections to Report and Recommendation

In their objections to Magistrate Judge Mason's Report and Recommendation, plaintiffs contend that the magistrate judge erred in finding that plaintiffs have suffered no "direct" injuries and therefore lack standing to proceed with their RICO claims. Plaintiffs also contend that, even if they lack standing to proceed with their RICO claims, dismissal should be without prejudice.

This court utilizes a *de novo* standard of review in examining those portions of the magistrate judge's report to which plaintiffs have filed objections. 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.1(c)(2) ("A judge shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."). After independently reviewing the transcript of the hearing on this matter, the file and record and relevant caselaw, the court agrees with the magistrate judge's recommendation that the RICO claims asserted against the defendants be dismissed with prejudice. Plaintiffs have failed to assert a viable RICO claim against defendants for any injuries allegedly sustained.

■ While agreeing with the magistrate judge's analysis, the court modifies the basis upon which dismissal is granted. The magistrate judge analyzed this case under Rule 12(b)(6) as a motion for judgment on the pleadings. This court, however, finds that matters outside the pleadings were considered by the magistrate judge. Specifically, at the hearing on this issue the magistrate judge heard the allegation of plaintiffs' counsel, not contained in the second amended complaint, that because plaintiffs actually participated in the alleged illegal activity of RPR, a defamation claim giving rise to a RICO claim is cognizable. The magistrate judge then analyzed and debunked this argument in his report. Report and Recommendation (Docket No. 22) at 18–19. Rule 12(b)(6) dictates that "[i]f, on a [12(b)(6) motion], matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." Dismissal of plaintiffs' RICO claims is therefore granted pursuant to Fed. R.Civ.P. 56 (hereafter "Rule 56") rather than Rule 12(b)(6). Given the court's dismissal of this case under Rule 56, the issue of prejudice regarding dismissal of plaintiffs' RICO claims pursuant to Rule 12(b)(6) is moot.

## B. Plaintiff's Voluntary Dismissal and Motion for Voluntary Dismissal

■ Plaintiffs have filed both a voluntary dismissal, pursuant to Fed.R.Civ.P. 41(a)(1) (hereafter "Rule 41(a)(1)") and a motion for an order granting a voluntary dismissal.[1] In both cases, plaintiffs seek a dismissal without prejudice to re-commence their suit. Rule 41(a)(1) provides:

> Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of the court (I) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1) explicitly provides which cases can and cannot be dismissed without court approval. As relevant here, a case cannot be dismissed without court approval if the case is a class action or if a motion for summary judgment is served prior to such dismissal. If a case cannot be voluntarily dismissed, a court order is required under Fed.R.Civ.P. 41(a)(2) (hereafter "Rule 41(a)(2)").

The parties dispute whether Rule 23(e) is implicated in this case and whether defendants' motions to dismiss under Rule 12(b)(6) have been converted into motions for summary judgment under Rule 56. Both issues involve an examination of the Federal Rules, and to that task the court now turns.

A voluntary dismissal under Rule 41(a)(1) is explicitly made subject to Rule 23(e), which dictates in relevant part that "[a] class

---

1. Although plaintiffs bring their motion pursuant to Fed.R.Civ.P. 41(a)(1), such a motion is proper under Rule 41(a)(2), which provides in relevant part that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

action shall not be dismissed or compromised without the approval of the court." If a class action is involved, therefore, a voluntary dismissal is not allowed under Rule 41(a)(1) and a court order is required.

Plaintiffs' complaint is entitled "Class Action for Violation of the Racketeer Influence and Corrupt Organizations Act and State Law." The complaint begins by stating that "[t]his is a class action complaint pursuant to Federal Rules of Civil Procedure 23 on behalf of present and former employees of Rhone–Poulenc Rorer Pharmaceutical...." The complaint contains allegations detailing why class certification is appropriate. The court, however, has yet to consider the class certification issue.

■■■ As an initial matter, the court notes that there is a split of authority on whether Rule 23(e) applies to pre-certification voluntary dismissals under Rule 41(a)(1), and the Eighth Circuit has not explicitly spoken to this issue. In this case the court holds that even though no ruling has yet been made on class certification, Rule 23(e) applies because the complaint contains class allegations. In so holding, the court follows what it finds to be the majority approach and the holding of at least one other district court in this circuit. In *Wallican v. Waterloo Community School Dist. in Black Hawk County,* 80 F.R.D. 492, 493 (N.D.Iowa 1978), the parties filed a stipulation of dismissal before the court had decided whether the suit could be maintained as a class action under Fed.R.Civ.P. 23. The court, while approving such dismissal, explicitly held that the court's Rule 23 supervisory responsibilities and powers were applicable even in the pre-certification stage of the case. *Id.* at 493. Other circuits have also concluded that Rule 23(e) applies before class certification. *See Baker v. America's Mortgage Servicing, Inc.,* 58 F.3d 321, 324 (7th Cir. 1995) (holding that Rule 23(e) applies to all complaints containing class allegations, including proposed class actions not yet certified by the district court) (citing *Glidden v. Chromalloy American Corp.,* 808 F.2d 621, 626 (7th Cir.1986)); *Diaz v. Trust Territory of Pacific Islands,* 876 F.2d 1401, 1408 (9th Cir.1989) ("We therefore adopt the majority approach and hold that Rule 23(e) applies

before certification."); *Kahan v. Rosenstiel,* 424 F.2d 161, 169 (3d Cir.1970), *cert. denied,* 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970) ("[A] suit brought as a class action should be treated as such for purposes of dismissal or compromise, until there is a full determination that the class action is not proper."). *But see Shelton v. Pargo, Inc.,* 582 F.2d 1298 (4th Cir.1978) (taking the approach that a case with class allegations should not be considered a true class action until the class has been certified).

Given the court's treatment of this case as a class action, it follows that plaintiffs may not file a voluntary dismissal pursuant to Rule 41(a)(1), but must first seek approval of the court. Defendants' motion to strike plaintiffs' voluntary dismissal is therefore granted.

Even if the court were to ignore the weight of authority on the class action issue, plaintiffs' voluntary dismissal would still not be permissible under Rule 41(a)(1) due to the court's treatment of defendants' 12(b)(6) motion as a Rule 56 motion for summary judgment. A motion to dismiss pursuant to Rule 12(b)(6) " 'must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court.' " *Gibb v. Scott,* 958 F.2d 814, 816 (8th Cir.1992) (citing *Woods v. Dugan,* 660 F.2d 379, 380 (8th Cir.1981) (per curiam)). As discussed in *Gibb,* " '[m]ost courts ... view matters outside the pleading as including any oral or written evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings.' " *Gibb,* 958 F.2d at 816 (citing Wright & Miller, *Federal Practice and Procedure* § 1366). This interpretation of what constitutes "matters outside the pleadings" is appropriate given Eighth Circuit precedent that a 12(b)(6) motion will succeed or fail based upon the allegations contained on the face of the complaint. *Gibb,* 958 F.2d at 816.

■■■ At the hearing on defendants' motions to dismiss, plaintiffs made new allegations, detailed above, in opposition to defendants' motions to dismiss. The magistrate judge considered and rejected these new allegations in granting defendants' motions.

These new allegations converted defendants' motions to dismiss into motions for summary judgment. *See Kurkowski v. Volcker,* 819 F.2d 201, 203 (8th Cir.1987) ("Under Fed. R.Civ.P. 12(b), a defendant's motion to dismiss is transformed into a motion for summary judgment when matters outside the pleadings are also submitted to the court. When a motion for summary judgment is outstanding, dismissal must be pursuant to Rule 41(a)(2), thus the automatic dismissal provisions of Rule 41(a)(1)(I) would not apply."); *Smith v. Local No. 25, Sheet Metal Workers Intern. Ass'n,* 500 F.2d 741, 744 (5th Cir.1974) (holding that because the district court relied on affidavits, other extra-pleading materials, and oral argument on the motion for dismissal on the pleadings, the motion was automatically converted into one for summary judgment). Because a voluntary dismissal is prohibited under Rule 41(a)(1) in these circumstances, a court order is required.

■ The court notes that the conversion of a 12(b)(6) motion into a motion for summary judgment normally requires notice to the parties. *Gibb,* 958 F.2d at 816 ("The district court's failure to treat the motions as motions for summary judgment and to provide the parties with notice and an opportunity to provide further materials requires reversal unless the failure constituted harmless error"). In this case, no such notice is required. The magistrate judge recommended, and this court concurs, that the RICO statute is inapplicable to defendants as a matter of law, as plaintiffs can offer no facts which bring the harm suffered within the reach of the statute. As Magistrate Judge Mason noted, "although Plaintiffs allege that Defendants committed several predicate acts, any reputational injuries alleged[ly] suffered by Plaintiffs were not the direct result of those predicate acts since Plaintiffs were not the defrauded party or otherwise the target of the alleged unlawful acts.... Therefore, Plaintiffs could not show the required causal link between the alleged injury and RPR's alleged RICO violations." Report and Recommendation (Docket No. 22) at 19. Magistrate Judge Mason also pointed out that the RICO statute only permits a civil litigant to recover for injury to her "business or proper-

ty," and harm to one's reputation does not fall within either category. *Id.* Because the court finds dismissal appropriate as a matter of law, plaintiffs need not be afforded the opportunity to proffer additional affidavits or other evidence. *See Buck v. F.D.I.C.,* 75 F.3d 1285, 1288 n. 3 (8th Cir.1996) ("[B]ecause we decide the applicability of the WARN Act to bridge banks as a matter of law, and without reference to facts, we attach no significance to the distinction between dismissal under Rule 12(b)(6) and summary judgment under Rule 56.").

■ Because the court finds that a voluntary dismissal under Rule 41(a)(1) is not allowed both because Rule 23(e) applies and a motion for summary judgment has been considered, plaintiffs must seek an order of the court under Rule 41(a)(2) to voluntarily dismiss their complaint. No such order will be granted in this case. Plaintiffs chose to bring this action in this district despite the fact that none of the parties have a substantial connection to this state. Now, faced with adverse authority on their RICO claims, plaintiffs seek permission to dismiss. Plaintiffs provide no legitimate justification for this action, and a fair inference is that they seek to re-file in another circuit where their RICO claims might be cognizable. To allow such an action would waste the substantial efforts expended by the magistrate judge and this court and would prejudice the defendants by depriving them of a valid defense. Plaintiffs chose to file this action in the District of Minnesota, and must now deal with the consequences.

## CONCLUSION

Based on *de novo* review of the record, the court affirms Magistrate Judge Mason's report, although dismissal of plaintiffs' RICO claims is granted pursuant to Fed.R.Civ.P. 56. In addition, the court strikes plaintiffs' voluntary dismissal and denies plaintiffs' motion for voluntary dismissal. Therefore, **IT IS HEREBY ORDERED** that:

1. The reasoning in the report and recommendation of Magistrate Judge John M. Mason is hereby adopted by this court, al-

though plaintiffs' RICO claims are dismissed with prejudice pursuant to Fed.R.Civ.P. 56;

2.   The motions of defendants Rhone–Poulenc Rorer Pharmaceuticals, Inc. and Alexander Graham Turpie, M.D., to dismiss plaintiffs' second amended complaint are granted;

3.   The remaining state law claims asserted against defendant Rhone–Poulenc Rorer in Counts III through X of plaintiffs' second amended complaint are dismissed without prejudice;

4.   The motion of defendant Alexander Graham Turpie, M.D., for costs and attorney fees is denied.

5.   Defendants' motion to strike the voluntary dismissal of plaintiffs is granted.

6.   Plaintiffs' motion for voluntary dismissal is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**