LUPTON v. BLUE CROSS AND BLUE SHIELD; GIDUZ v. BLUE CROSS AND BLUE SHIELD, 1999 NCBC 3

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA<br>ORANGE COUNTY | )<br>) | GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>98-CVS-633 |
| | ) | |
| BRADSHAW B. LUPTON,<br>individually and on behalf of all persons<br>similarly situated, | )<br>)<br>) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BLUE CROSS AND BLUE SHIELD<br>OF NORTH CAROLINA, a non-profit<br>Corporation, | )<br>)<br>) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHAEL F. EASLEY, ATTORNEY<br>GENERAL, on behalf of the rights and<br>interests of the public, | )<br>)<br>) | |
| | ) | |
| Defendant-<br>Intervenor | )<br>) | |
| | ) | |

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA<br>ORANGE COUNTY | )<br>) | GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>97-CVS-917 |
| | | |
| ROLAND GIDUZ, individually and on<br>behalf of all persons similarly situated, | )<br>) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BLUE CROSS AND BLUE SHIELD<br>OF NORTH CAROLINA, a non-profit<br>Corporation, | )<br>)<br>) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHAEL F. EASLEY, ATTORNEY<br>GENERAL, on behalf of the rights and<br>interests of the public, | )<br>)<br>) | |
| | ) | |
| Defendant- | ) | |

Intervenor          )
                                     )

## AMENDED ORDER AND OPINION

{1} This matter is before the Court on defendant's objection to plaintiff's notice of voluntary dismissal without prejudice in case number 97 CVS 917. For the reasons set forth below, it appears to the Court that the dismissal of the Giduz Complaint in that action requires Court approval to be effective. It further appears to the Court that, to protect absent class members and to preserve the Court's supervisory role over class action litigation, Court approval of the voluntary dismissal should be denied. Finally, it appears to the Court that the above captioned cases should be consolidated into one action under the caption and case number used in the Lupton case.

*Marvin Schiller, Carol M. Schiller; Hare & Hare, by Nicholas S. Hare, for plaintiffs.*

*Maupin Taylor & Ellis, P.A., by M. Keith Kapp, Laura Kay W. Berry, and Kevin W. Benedict; Robinson, Bradshaw & Hinson, P.A., by Robin L. Hinson, A. Ward McKeithen, and Frank E. Emory, for defendant.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General John R. Corne, for defendant-intervenor.*

## FACTS

{2} On 30 June 1997, Plaintiff Roland Giduz, individually and on behalf of all persons similarly situated, filed the original complaint in this action, a purported class action against defendant alleging various claims based on defendant's alleged failure to properly calculate its statutory reserves. The defendant filed various motions to dismiss on September 2, 1997. One of the motions was based upon application of the filed rate doctrine. *See N.C. Steel, Inc. v. National Council,* 347 N.C. 627, 632, 496 S.E.2d 369, 372 (1998). The *Giduz* case was assigned to this Court pursuant to Rule 2.1.

{3} Upon discovering that Mr. Giduz was not and never had been an appropriate class representative (Mr. Giduz is not a member of the class), and before this Court had ruled on class certification, defendant filed a motion to dismiss based on the fact that Mr. Giduz was not an adequate class representative. The motion came on for hearing before this Court on February 3, 1998, at which time counsel for Mr. Giduz acknowledged that he was not an adequate representative because he was not a member of the class. Rather than dismissing the complaint, the Court instructed plaintiff's counsel to file an amended complaint substituting a new class representative on or before March 22, 1998. The Court was concerned that dismissal rather than substitution of a new representative could adversely impact the class claims based upon the statute of limitations and tolling issues related thereto. Instead of following the Court's direction, plaintiffs' counsel chose to file a voluntary dismissal of the action without prejudice pursuant to Rule 41 on May 8, 1998, and filed a new action naming Bradshaw B. Lupton as class representative on the same date. The *Lupton* complaint mirrored the amended complaint in *Giduz*. The defendant objected, arguing that plaintiffs could not take a voluntary dismissal in this class action without Court approval and urged the Court to hear its motion to dismiss on the substantive law issues. Plaintiffs contend that taking a voluntary dismissal and re-filing the case with a new class representative as named Plaintiff is appropriate and does not require court approval. The *Lupton* case has now been assigned to this Court pursuant to Rule 2.1.

## ISSUE

{4} The issue before the Court is whether a class action plaintiff may take a voluntary dismissal of their action pursuant to Rule 41 of the North Carolina Rules of Civil Procedure prior to class certification without Court approval.

# OPINION

{5} A plaintiff who, on his own initiative, assumes the role of representative in a class action may not voluntarily dismiss that action without court approval. As discussed below, to rule otherwise would subject the class action vehicle to an unacceptable degree of abuse. Important policy considerations demand that the court have a role in approving the dismissal of every class action, even in cases where there appears to be no potential for abuse by or harm to any party. It is only through the court's review that the propriety of the class action allegations and the protection of absent class members can be assured.

Therefore, the Court rules that the voluntary dismissal filed by the plaintiff is ineffective without Court approval. Further, the Court denies approval of the voluntary dismissal, and orders that this case be consolidated with the *Lupton v. Blue Cross and Blue Shield of North Carolina* case and that Bradshaw Lupton be substituted as a plaintiff in this case in place of Mr. Giduz. The Court enters that order in an effort to insure that there are no issues raised with respect to the tolling of the statute of limitations that could adversely affect absent class members.

{6} Plaintiff in this case filed its dismissal pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure. Rule 41(a) provides in pertinent part:

> (a) Voluntary Dismissal: Effect Thereof:
>
> > (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time before the plaintiff rests his case

N.C.G.S. § 1A-1, Rule 41 (1990). As set forth above, Rule 41(a)(1) is limited in its application by the provisions of Rule 23(c), which provides:

> A class action shall not be dismissed or compromised without the approval of the judge. In any action under this rule, notice of a proposed dismissal or compromise shall be given to all members of the class in such manner as the judge directs.

N.C.G.S. § 1A-1, Rule 23(c) (1990). The Court has found no reported cases in North Carolina which address the requirements of Rule 23(c). The North Carolina Supreme Court has stated that where the state and federal rules governing class actions are congruent, our courts may look to federal cases for guidance. See *Alford v. Shaw*, 327 N.C. 526, 398 S.E.2d 445 (1990). The Federal Rules of Civil Procedure have substantially similar provisions to those set forth above, requiring judicial approval in Rules 41(a) and 23(e). Rule 41(a) provides in pertinent part that "[s]ubject to the provisions of Rule 23(e), . . . an action may be dismissed by the plaintiff without order of the court (I) by filing notice of dismissal at any time before service by the adverse party of an answer or motion for summary judgment, whichever first occurs . . . ." Rule 23(e) provides in pertinent part that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

{7} At first glance, the question of court approval seems to be easily resolved by a plain reading of the applicable rules. As set forth above, Rule 23(e) (and North Carolina Rule 23(c)) clearly state: "[a] class action shall not be dismissed or compromised without the approval of the court . . . ." However, some federal cases have held that Rule 23 applies only to certified class actions, because it is the act of certification that gives definition to the class, class definition being a prerequisite to maintaining a "class action." *Satterwhite v. City of Greenville, Tex.*, 557 F2d 414, 417, n.9, (1977*), Sosna v. Iowa*, 419 U.S. 393, 399, n.8, 95 S.Ct. 553, 557, 42 L.Ed.2d 532 (1975). In fact, the Supreme Court in *Sosna* stated: "Once a suit is certified as a class action, it may not be settled or dismissed without the approval of the court. Rule 23(e)." *Id.* Naturally, many courts gave a construction to that language that strictly limited the application of Rule 23(e) to certified class actions.[fn1] *Shelton v. Pargo*, 582 F.2d 1298, 1302 (4th Cir.

1978).

{8} In the years since *Sosna*, however, an exception to the rule limiting the application of Rule 23 to certified class actions has been recognized which covers the case before the Court. The majority of federal courts now follow the rule that Rule 23(e) "presumptively applies to all complaints containing class action allegations, including proposed class actions not yet certified by the district court." *Chapman III v. Ontra, Inc.*, 1998 U.S. Dist. LEXIS 9426, (N.D.Ill.E.D. 1998) (*quoting Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 626 (7th Cir. 1986)).[fn2] As discussed below, several policy considerations have been advanced to justify this approach.

{9} The class action is a unique form of litigation, and its uniqueness gives rise to the potential for abuse. It is the only type of action where most of the parties in interest do not participate in the choice of counsel, the decisions made by counsel about their case, including the decision to settle, or the trial of the case before the court. While most of the plaintiffs in a class action do not participate, others, especially the named plaintiff, do. This can lead to a greater focus on the interests of the participating plaintiffs as opposed to the non-participating, or absent, members of the class. Even though a class action is predicated on the notion that the interests of the plaintiffs are substantially the same, it is rare that their interests are completely congruent. As a class action goes forward, the potential exists for there to be a conflict between the interests of the representative plaintiff and those of the absent class members. This can lead class counsel to act against the interests of some class members by negotiating a settlement favorable to the class representative at the expense of the absent members. Without court supervision, absent parties might be procedurally prejudiced or otherwise disfavored by the settlement.

{10} Class actions pose special problems because of their complexity and because of the large amounts of money usually involved. Class action complexity is a result of the large number of litigants. As set forth above, additional procedural rules exist to help manage the class actions and to protect the rights of absent class members. These procedural rules, particularly those requiring notice to all class members, make maintaining and defending class actions expensive, as does the cost of obtaining the information needed to argue the issue of class certification. Class actions can involve amounts that threaten to cripple or bankrupt the defendant. This creates a potential for abuse that is readily apparent: the use of the class action complaint to put greater financial pressure on defendants to settle with the individual plaintiff. Where a complaint alleges a legitimate class, such pressure is a fair and reasonable part of litigation. If a corporation or other entity has legitimately harmed a class of individuals, it has no grounds to complain about being confronted with such substantial claims in one lawsuit. However, if the claim brought is not an appropriate class action, it is unfair for defendant to bear the cost burden associated with defending such actions. This potential for abuse was recognized in the federal courts long ago. In *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 549-550, 69 S.Ct. 1221, 1227, 93 L.Ed 1528 (1949), the Court said: "Unfortunately, the (class action) remedy itself provided opportunity for abuse, which was not neglected. Suits sometimes were brought not to redress real wrongs, but to realize upon their nuisance value."

{11} Because of the potential for abuse outlined above, courts have two important roles in class actions: to protect the interests of absent class members and to police the use of class action allegations. The requirement of court approval of dismissals to all actions begun as class actions furthers these objectives by limiting the abuses in several ways. First, if the court must approve dismissal or settlement, plaintiffs are less able to act improperly. If they misuse the class action device, the court has the power to disapprove the settlement, disallow the dismissal, and force the plaintiffs to proceed. This measure reduces the incentive to plaintiff's counsel to misuse the class action device solely in an effort to leverage a settlement.

{12} Likewise, defendants have less incentive to act improperly. Defendants are less likely to buy off the named plaintiff at the expense of absent class members if they know the court must pass on the settlement. Finally, the interests of absent class members can be protected by court review. Where conflicts of interest occur within a class, the court is the only guardian of the interests of the absent class members. The Court may also serve the function of preventing loss of class members rights where tolling

issues are involved.

{13} *In re "Agent Orange" Product Liability Litigation*, 597 F. Supp 740 (E.D.N.Y. 1984) lists some commonly recited purposes of the requirement of court approval:

> The purpose of approval is to assure that any person whose rights would be affected by settlement has an opportunity to support or oppose it, prevent private arrangements that may constitute "sweetheart deals" contrary to the best interests of the class, protect the rights of those whose interests might not have been given due regard by the negotiating parties, and assure each member of the class that the opportunity to express views and to be heard on matters of vital personal interest have not been violated by others who have arrogated to themselves the power to speak and bind without consultation and consent.

*Id.*

*{14}* A leading case that identified abuses of the class action device and justifications for the requirement of court approval is *Philadelphia Electric Co. v. Anaconda American Brass Co.*, 42 F.R.D. 324 (E.D.Pa.1967). In *Philadelphia Electric*, there were precertification settlements by the plaintiffs of claims against three of the thirteen defendants in an anti-trust action begun as a class action. The plaintiffs sought to dismiss the action as to the settling defendants and moved for "entry of final judgments barring all further claims by the named plaintiffs and by any of the class or classes they purport to represent." *Id.* at 327.

{15} The *Philadelphia Electric* Court found three justifications for the requirement of court approval. *Id.* at 326. First, it concluded: "[T]he proposed settlements must be regarded as attempting to compromise the claims of the class, not just the named plaintiffs. Rule 23(e) clearly applies to this situation; indeed, due process concepts might well be held to require notice, even in the absence of Rule 23(e)." *Id.* at 327. Secondly, the Court found that many interested parties would be prejudiced procedurally by the proposed dismissals. Finally, the Court said that "a court should know what claims are being compromised, before being asked to approve a compromise; and that no litigant should be permitted to enhance his own bargaining power by merely alleging that he is acting for a class of litigants. *Id.* at 328. Based on its analysis, the *Philadelphia Electric* Court promulgated as a basis for judicial review of proposed dismissals the procedural principle that "during the interim between filing and the 23(c)(1) determination by the court, it must be assumed to be a class action for purposes of dismissal or compromise under 23(e) unless and until a contrary determination is made under 23(c)(1)." *Id.* at 326. Since *Philadelphia Electric*, the majority of federal courts have followed this rule.

{16} The Fourth Circuit Court of Appeals has expressed similar justifications for the requirement of court approval, particularly where the party seeking to dismiss is the representative plaintiff. In *Shelton v. Pargo*, 582 F.2d 1298, 1302 (4th Cir. 1978), the Court stated that the purposes of the requirements of judicial approval and notice are (1) to discourage the use of the class action device to secure an unjust private settlement for the named plaintiffs to the detriment of the putative class, and (2) to protect absent class members against prejudice from discontinuance of litigation without class relief. *Id.*

{17} In *Shelton*, the plaintiffs seeking dismissal were the named parties in the purported class action, without whose presence the class action could not continue. The Court reasoned that the plaintiffs, as representative parties, had asserted a role on behalf of the alleged class, and thereby accepted a fiduciary obligation toward the members of the putative class. The Court stated: " [T]hese [plaintiffs] voluntarily accepted a fiduciary obligation towards the members of the putative class they have undertaken to represent. They may not abandon the fiduciary role they assumed at will or by agreement with the [defendant], if prejudice to the members of the class they claimed to represent would result *or if they have improperly used the class action procedure for their personal aggrandizement*. (emphasis added)" *Id. See also Gassie v. SMH*, 1997 WL 466905 (E.D. La. 1997) (holding that the court must acknowledge its "special role in assuring that the representative plaintiffs fulfill their fiduciary obligation toward members

of the putative class.").

{18} As the *Shelton* Court noted, this view of the fiduciary role of class representatives was well established. *Id. Shelton* cited *Cohen*, 337 U.S. 541, which had long since recognized the fiduciary duty of a representative party, as follows:

> Likewise, a stockholder who brings suit on a cause of action derived from the corporation assumes a position, not technically as a trustee perhaps, but one of a fiduciary character. He sues, not for himself alone, but as representative of a class comprising all who are similarly situated. The interests of all in the redress of wrongs are taken into his hands, dependant upon his diligence, wisdom and integrity. And while the stockholders have chosen the corporate director or manager, they have no such election as to the plaintiff who steps forward to represent them. He is a self-chosen representative and a volunteer champion. The Federal Constitution does not oblige the state to place its litigating and adjudicating process at the disposal of such a representative, at least without imposing standards of responsibility, liability and accountability which it considers will protect the interests he elects himself to represent. It is not without significance that this Court has found it necessary long ago in the Equity Rules and now in the Federal Rules of Civil Procedure to impose procedural regulations of the class action not applicable to any other. We conclude that the state has plenary power over this type of litigation.

*Id.*, cited in *Shelton*, 582 F.2d 1305. As the *Shelton* Court observed, the abuse identified in *Cohen* can arise at any point after an action has been filed as a class action, including the precertification stage. *Id.*

{19} Courts have recognized other justifications for the requirement of court approval. In addition to requiring court approval, Rule 23(e) also requires that notice of the dismissal be given to all absent class members. While federal courts have generally held that this requirement is not absolute in all precertification cases, giving the judge discretion to waive the notice requirement where there has been no collusion or showing of prejudice to any party (*Shelton*, 582 F.2d 1298), this determination can only be made upon review of the dismissal by the judge. Thus, the requirement of court approval assures that the notice requirements of Rule 23(e) are met.

{20} In keeping with the court's obligation to police the use of the class action vehicle, court approval provides the judge with a check against forum shopping. Because class actions often involve diverse parties, counsel may be tempted to engage in forum shopping. Court approval of dismissals prevents counsel from dismissing class action claims upon discovery of adverse law in a jurisdiction, or upon assignment of the case to an "unfriendly" judge. *See Hamm v. Rhone-Poulenc Rorer Pharmaceutical, Inc.*, 176 F.R.D. 566, (Minn. 1997); *Goldstein v. Delgratia Mining Corporation, et al.*, 176 F.R.D. 454 (S.D.N.Y. 1997).

{21} The leading class action treatises support the notion that precertification dismissals require court approval. For example, 3 Newberg, Class Actions, § 4920 at p. 404 (1977) provides:

> The applicability of Rule 23(e) between the time the action is brought and the date of certification of the class has been raised in several cases. Courts have recognized that in order to effectuate the purpose of Rule 23(e), it must apply from the commencement of an action filed as a class action until such time as there is a ruling denying the class action.

Similarly, 7A Wright & Miller, Federal Practice and Procedure, § 1797 at 236-7 (1972 ed.) offers the following:

> A practical problem exists involving the application of Rule 23(e) during the period between the filing of the action and the determination under subdivision (c)(1) of whether it can be maintained on a class basis. This problem was specifically dealt with by the district court in *Philadelphia Electric Company v. Anaconda American Brass Company* . . . . The court held

that during the interim between instituting the action and a decision under Rule 23(c)(1), the action must be presumed to be proper for purposes of subdivision (e). The court then went on to hold that its approval of the settlement had to be held in abeyance pending a determination of the class action question.

{22} As demonstrated above, policies articulated by the federal courts indicate that Rule 23(e) approval is necessary at the precertification stage in order for the court to fulfill its obligation to police the conduct of the parties and their attorneys and safeguard the interests of absent class members.

{23} The Court is persuaded by the analysis of the federal courts. The Court is particularly aware of its responsibility to assure, to the extent possible, that the class action vehicle is not abused to the detriment of absent class members. Class actions require the court to evaluate the conduct of plaintiff's counsel to assure that there is no conflict of interest between the named plaintiff and absent class members. Thus, court approval is particularly important where the dismissal is accompanied by a compromise or settlement. In the instant case, however, plaintiffs' counsel filed for voluntary dismissal simply in an attempt to correct the fact that the original named plaintiff did not qualify as a class member. Under those circumstances, the Court is not concerned that the named plaintiff's interests are being put ahead of the interests of the absent class members. However, the Court still has a role in assuring that the absent class members do not suffer any procedural or limitations problems that may arise due to the voluntary dismissal.

{24} In this case, if the plaintiff's voluntary dismissal is allowed, the plaintiff class may face statute of limitations problems in bringing their subsequent action. In this situation, it is the Court's role to protect the absent class members. The law is not clear in this state that the statute of limitations is tolled by the filing of a class action by one who has never been a class member. Nor is it clear that the statute of limitations would be tolled where a purported class action is filed, never certified and the plaintiff takes a voluntary dismissal. By denying the dismissal, ordering consolidation and the substitution of Lupton for Giduz, the Court hopes to eliminate any future controversy over the tolling of the statute of limitations in these actions.

{25} Similarly, the Court is not concerned that Giduz used the class action to improperly bolster his individual claim. He is exiting the lawsuit, but the class is moving forward. Nevertheless, the court's role in policing the use of class action complaints should not be limited. The court's ability to prevent leveraging, forum shopping and tolling problems depends on the requirement of court approval. Therefore, the proper rule should be that court approval is always required for a voluntary dismissal to be effective in a class action lawsuit.

{26} Finally, the Court points out that the requirement of court approval does not place a heavy burden on the plaintiff. In this case, the plaintiff had merely to follow the Court's instructions and file an amended complaint to change the class representative. In cases where the plaintiff truly needs a dismissal the plaintiff will merely have to file a motion to obtain court approval. The plaintiff may lose some of the flexibility to file a voluntary dismissal that he enjoys in the normal litigation setting, but any such loss is greatly outweighed by the Court's need to monitor class action activity and the fiduciary obligations plaintiff undertook in filing a purported class action.

{27} For the reasons cited above, this Court finds that Rule 23(c) of the North Carolina Rules of Civil Procedure requires court approval of all voluntary dismissals of class actions. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the voluntary dismissal filed by the plaintiff in *Giduz v. Blue Cross and Blue Shield of North Carolina* is ineffective without Court approval. Further, the Court denies approval of the voluntary dismissal, and orders that this case be consolidated with the *Lupton v. Blue Cross and Blue Shield of North Carolina* and that Bradshaw Lupton be substituted as plaintiff in this action.

This the 14th day of June, 1999.

_____

Footnote 1 After the *Sosna* Court's statement, there was a split of authority as to whether the *Sosna* Court meant to limit Rule 23(e) to certified class actions. In *Duncan v. Goodyear Tire and Rubber Company*, 66 F.R.D. 615, 616 (E.D. Wis.1975) and *Magana v. Platzer Shipyard, Inc.*, 74 F.R.D. 61, 66 (S.D. Tex.1977), the Courts dismissed the language of *Sosna*, quoted supra, as without any special significance.

Footnote 2 *See also Baker v. America's Mortgage Servicing, Inc.*, 58 F.3d 321, 324 (7th Cir. 1995) (holding that Rule 23(e) applies to all complaints containing class action allegations, including proposed class actions not yet certified by the District Court); *Larkin Gen. Hosp., Ltd. v. American Tel. & Tel. Co., et al.,* 93 F.R.D. 497, 1982 U.S. Dist. LEXIS 10578 (1982); *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) ("We therefore adopt the majority approach and hold that Rule 23(e) applies before certification."); *Kahan v. Rosenstiel*, 424 F.2d 161, 169 (3d Cir. 1970), cert. denied, 398 U.S. 950, 90 S.Ct 1870, 26 L.Ed2d 290 (1970) ("[A] suit brought as a class action should be treated as such for purposes of dismissal or compromise, until there is a full determination that the class action is not proper."); *Hamm v. Rhone-Poulenc Rorer Pharmaceutical, Inc.*, 176 F.R.D. 566, (Minn. 1997); *In Re: Painewebber Ltd. Partnerships Litig.*, 147 F.3d 132 (2d Cir. 1998); *McArthur v. Southern Airways, Inc.*, 556 F.2d 298, 302 (5th Cir. 1977) (a class allegation in a complaint is presumed proper, and Rule 23(e) therefore applies unless the District Court has declined to certify the class), withdrawn, 569 F.2d 276 (1978).