Scott L. **NOKES**, Plaintiff,

v.

**UNITED STATES COAST GUARD, The Honorable Norman Y. Mineta Secretary of Transportation in His Official Capacity, Captain Jody Breckenridge, Commanding Officer, Coast Guard Recruiting Center in Her Official Capacity, United States Attorney's Office, Minneapolis, MN, United States Attorney General, Washington, D.C., Defendants.**

No. CIV.02–1652 (DSD/SRN).

United States District Court,
D. Minnesota.

Sept. 15, 2003.

Scott L. Nokes, Hutchinson, MN, pro se.

Patricia R. Cangemi, Assistant U.S. Attorney, Minneapolis, MN, counsel for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court upon the motion of defendants to dismiss or in the alternative for summary judgment. For the reasons stated, the motion for summary judgment is granted.

## BACKGROUND

Plaintiff is a First Class Petty Officer in the United States Coast Guard assigned to the Marine Safety Detachment in St. Paul, Minnesota. On June 1, 2000, the Coast Guard, through plaintiff's then commanding officer, denied plaintiff a promotion to the rank of Chief Petty Officer and grade of E–7 by removing plaintiff from the promotion eligibility list. Plaintiff sought a reconsideration of that decision pursuant to Article 138 of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 938. Upon reconsideration, it was determined that plaintiff was not eligible for promotion. That determination was reviewed and affirmed by plaintiff's regional commander and the Chief of the Office of Military Justice.

Plaintiff brought an action in federal court seeking a declaratory judgment reversing the denial of the promotion. (See Civil File No. 00–723 (PAM/JGL).) Judge Magnuson dismissed the action without prejudice, finding that plaintiff had failed

to exhaust the administrative remedy provided by the Board for Correction of Military Records ("BCMR"). Plaintiff then filed an appeal with the BCMR. The BCMR reviewed the record and affirmed the denial of eligibility for promotion. The BCMR's determination constituted final agency action. Plaintiff then filed the present action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, seeking declaratory relief, correction of his personnel record and other injunctive relief. Defendants now move to dismiss the complaint for failure to state a claim upon which relief may be granted, or in the alternative, for summary judgment.

## DISCUSSION

Where a complaint fails to set forth a legally cognizable claim the action must be dismissed. *See* Fed.R.Civ.P. 12(b)(6). On a motion to dismiss for failure to state a claim, the court must take the allegations in the complaint as true, view the complaint in the light most favorable to the plaintiff and dismiss the action " 'only if it is clear that no relief can be granted under any set of circumstances that could be proved consistent with the allegations.' " *Alexander v. Peffer*, 993 F.2d 1348, 1349 (8th Cir.1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). Generally, when a court entertaining a motion to dismiss considers matters outside the pleadings, it is appropriate to treat the motion as a motion for summary judgment under Fed. R.Civ.P. 56. *See Hamm v. Rhone–Poulenc Rorer Pharmaceutical Inc.*, 176 F.R.D. 566, 570 (D.Minn.1997). Because the court's review of a final BCMR action focuses exclusively on the administrative record ("AR") and the AR is properly before the court, the matter is ripe for summary consideration pursuant to Fed. R.Civ.P. 56(c). *See Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973).

## I. Summary Judgment Standard

Rule 56 provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *See id.* at 252, 106 S.Ct. 2505. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. *See id.* at 255, 106 S.Ct. 2505. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *See Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *See id.* at 322–23, 106 S.Ct. 2548.

Because the sole issue before the court is a question of law based on the AR, summary adjudication is appropriate.

## II. Review of BCMR Actions

 Federal district courts have jurisdiction over civil actions arising under

the Constitution and laws of the United States. *See* 28 U.S.C. § 1331. The decisions of the BCMR are subject to judicial review under "familiar principles of administrative law." *Watson v. Arkansas National Guard,* 886 F.2d 1004, 1011 (8th Cir.1989). Under the APA, "[a] person suffering a legal wrong ... or adversely affected or aggrieved by an agency action ... is entitled to judicial review thereof." 5 U.S.C. § 702. The APA permits a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in conformance with law." 5 U.S.C. § 706(2)(A). An agency action is arbitrary or capricious if it lacks àny rational basis in the record, or was taken "without consideration and in disregard of the facts and circumstances of the case." *Bradley v. Bureau of Alcohol, Tobacco and Firearms,* 736 F.2d 1238, 1240 (8th Cir.1984) (quoting 73 *C.J.S. Public Administrative Bodies and Procedure* § 209). Defendants assert that plaintiff has failed to present material, admissible evidence that the decision of the BCMR was arbitrary, capricious, an abuse of discretion or contrary to law.

■■■ When an agency's adjudicative determination is challenged under the APA, the district court must review the facts in the record thoroughly, but only to determine whether the agency's decision is rationally related to those facts. *See Bowman Transp., Inc. v. Arkansas–Best Freight System, Inc.,* 419 U.S. 281, 288, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974). Ultimately, the scope of review is narrow. *See Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). If the agency action is rationally related to the facts in the record, the court may not substitute its judgment for that of the agency merely because it would have decided the matter differently. *See South Dakota v. Ubbelohde,* 330 F.3d 1014, 1031 (8th Cir.2003).

To overcome defendants' summary judgment motion under the arbitrary and capricious standard, plaintiff must adduce probative, admissible evidence that the BMCR's decision was made without consideration of the relevant facts and circumstances of the case or that its decision was not rationally related to those facts and circumstances. *See id.* Because plaintiff has failed to meet that burden, summary judgment is appropriate.

**A. The Administrative Record**

■■ The AR shows that the BCMR thoroughly considered the facts and circumstances surrounding the denial of plaintiff's promotion. (*See* AR at 6–25.) Its twenty page decision clearly demonstrates that it reviewed all the facts and circumstances of the case and gave due consideration to every assertion made by plaintiff. (*See id.*) The BCMR concluded that plaintiff's commanding officer reasonably removed plaintiff's name from the promotion list because "[t]he record contains ample evidence that reflects poorly on the applicant's integrity and ability to adhere to the core values of [the Coast Guard]." (AR at 21.) The BCMR specifically cited the record evidence supporting its findings and it fully addressed each of plaintiff's assertions. (*See* id. at 20–24.)

The fact that plaintiff or the court might disagree with the BCMR's conclusion is not a sufficient basis upon which to reverse the decision. *See Ubbelohde,* 330 F.3d at 1031. The record demonstrates that BCMR's decision was rationally related to carefully considered facts. In the absence probative evidence to the contrary, summary judgment is required.

**B. Plaintiff's Evidence**

To defeat the motion for summary judgment, plaintiff must bring forth evidence tending to show that the decision was arbi-

trary and capricious. *See* 5 U.S.C. § 706(2)(A). Plaintiff claims that he would establish at trial that defendants failed to follow Coast Guard procedures, but he points to no evidence in support of that assertion. (*See* Pl.'s Reply Mem. in Opp'n to Defs.' Mot. for Summ. J. at 4.) He also questions whether "the entire process [was] so abnormal and deficient that the commander's decision was tainted and improperly influenced by persons that had a personal interest in seeing a denial of [plaintiff's] promotion." (*Id.* at 6–7.) However, the only evidence plaintiff presents is an e-mail correspondence he received from Lieutenant Rocky Cole of plaintiff's local unit. (*See* AR at 97.) In the e-mail, Lt. Cole opines that plaintiff had been "held to a higher standard" and that the "supervisory chain stacked the cards against [plaintiff] from the outset." (*See id.*)

 The e-mail correspondence is not sufficient to avoid summary judgment for several reasons. First, as an out of court statement offered as proof of the matter it asserts, the e-mail is inadmissible hearsay. *See* Fed.R.Evid. 801(c) and 802. Inadmissible evidence cannot overcome a motion for summary judgment.[1] *See Firemen's Fund Ins. Co. v. Thien*, 8 F.3d 1307, 1310 (8th Cir.1993). Second, the e-mail is purely speculative and offers no factual support for its assertions. Even if it was admissible, it would not withstand defendant's motion. *See South Central Petroleum, Inc. v. Long Bros. Oil Co.*, 974 F.2d 1015, 1017–18 (8th Cir.1992). Third, the e-mail was written before the BCMR review and was considered and rejected by the BCMR. (*See* AR at 7, 23.) By its own terms, it does not apply to the BCMR review. Plaintiff has provided no probative, admissible evidence that the decision of the

BCMR was arbitrary and capricious, not in accordance with Coast Guard procedures or contrary to law. Because plaintiff received, at the very least, a full and fair review by BCMR that resulted in a decision rationally based on the facts in the record, and because he has presented no competent evidence to the contrary, summary judgment in favor of defendants is granted.

### CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment [Doc. No. 31–2] is granted.

2. Defendants' motion to dismiss [Doc. No. 31–1] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

1. Plaintiff did not file an affidavit from Lt. Cole describing his knowledge of the circumstances surrounding the denial of promotion or indicating the substance of any testimony he might offer.