Keith GIBB, Appellant,

v.

John SCOTT, Appellee.

Keith GIBB, Appellant,

v.

WORLD BOOK, INC., Appellee.

No. 91–2076.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1992.

Decided March 6, 1992.

Mary Anne Sedey, St. Louis, Mo., argued, for appellant.

Bruce Dayton Livingston, St. Louis, Mo., argued, for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Keith Gibb appeals the district court's dismissal of his suit against John Scott for tortious interference with Gibb's employment contract. He also appeals the dismissal of his suit against his employer, World Book, Inc. (hereinafter "World Book") for wrongful discharge. We reverse and remand for further proceedings.

## I. BACKGROUND

Gibb worked for World Book for approximately twenty years until he was fired in September 1988. For the last nine years of his employment Gibb managed World Book's sales branch located in St. Charles, Missouri. This position was memorialized by a written contract, which was signed at World Book's headquarters in Chicago and specified that it could be terminated with or without cause by either party. The contract was amended in April 1982 and again in November 1987; on both occasions, World Book was identified as being located in Chicago and Gibb was identified as residing in Missouri (St. Charles and St. Louis, respectively). The 1987 amendment changed Gibb's sales territory to specified counties in Missouri and Arkansas; the record does not indicate Gibb's sales territory prior to this amendment. Neither the amendments nor the original contract contain a choice of law provision.

In May 1987, World Book distributed a policy manual to its employees, which covered a wide range of topics and included detailed termination procedures. The termination policy did state, however, that World Book reserved the right to skip one or more of the disciplinary steps described in the handbook.

After he was fired, Gibb sued World Book[1] for wrongful termination. Specifically, Gibb claimed the handbook constituted an offer of job security that he accepted by continuing to work after the handbook was disseminated. In his complaint, which makes no mention of the written contracts, Gibb further claimed that World Book failed to follow the handbook's termination procedures.

Gibb also filed suit against his immediate supervisor, John Scott, for tortious interference with Gibb's business relationship with World Book. Scott supervised a number of World Book's branches and operated out of an office in Louisiana. Gibb's complaint alleged that his employment with World Book was "pursuant to a written contract of employment and pursuant to certain policies issued by World Book–Childcraft and impliedly made a term of employment" and that Scott had interfered with this contract in a variety of ways.

The district court consolidated the two cases. World Book filed a motion entitled "Motion to Dismiss," but the body of the motion asked, alternatively, for summary judgment in favor of World Book. This motion was accompanied by a supporting memorandum, which included parts of the employee handbook and the written agreements between World Book and Gibb as exhibits. Scott also filed a motion to dismiss. Both motions to dismiss were predicated on the defendants' claim that Missouri law was the applicable substantive law and that Missouri law would not allow relief for either of Gibb's complaints.

Gibb responded to the defendants' motions separately. In response to World Book's motion, Gibb contended that Illinois law should apply because the handbook was a modification of the written contract

---

1. The precise procedural history is somewhat lengthier than what is described here. We have omitted the procedural events that occurred pri-or to the filing of the cases at bar because they are not important to our decision.

entered into in Chicago. In response to Scott's motion, Gibb argued that Illinois law should apply and, in the alternative, that Missouri law would allow Gibb's cause of action against Scott.

The district court determined Missouri law would apply to both lawsuits. In reaching this conclusion, the court relied primarily, but not entirely, upon the facts alleged in Gibb's complaints; the court specifically cited the parties' motions for and against dismissal for the fact that Gibb's sales territory was located primarily in Missouri and Arkansas. The court then dismissed both complaints for failing to state a valid cause of action under Missouri law. Gibb appeals.

## II. DISCUSSION

■ A motion to dismiss pursuant to Rule 12(b)(6) "must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court." *Woods v. Dugan,* 660 F.2d 379, 380 (8th Cir.1981) (per curiam). "Most courts ... view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." Wright & Miller, Federal Practice and Procedure § 1366 (footnotes omitted). We believe this interpretation of "matters outside the pleading" to be appropriate in light of our prior decisions indicating a 12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint. *E.g., Fusco v. Xerox Corp.,* 676 F.2d 332, 334 (8th Cir.1982). A broad interpretation of "matters outside the pleading" will necessarily restrict a district court's consideration of a 12(b)(6) motion to matters contained in the pleading.

■ Matters outside the pleadings were obviously presented to the court after the motions to dismiss were filed; World Book included copies of Gibb's employment contract and the written amendments, while Gibb included factual allegations concerning his contract and sales area. The district court not only failed to exclude these materials, but relied upon them in ruling on the motions to dismiss. Consequently, we conclude the motions to dismiss should have been converted into motions for summary judgment pursuant to *Woods* and Rule 12(b)(6).[2]

■ The district court's failure to treat the motions as motions for summary judgment[3] and to provide the parties with notice and an opportunity to provide further materials requires reversal unless the failure constituted harmless error. *Kaestel v. Lockhart,* 746 F.2d 1323, 1324 (8th Cir.1984) (per curiam); *see also Layton v. United States,* 919 F.2d 1333, 1335 (8th Cir.1990). A failure of this type is harmless if the nonmoving party had an adequate opportunity to respond to the motion and material facts were neither disputed nor missing from the record. *Nuclear Transport & Storage, Inc. v. United States,* 890 F.2d 1348, 1351 (6th Cir.1989), *cert. denied,* 494 U.S. 1079, 110 S.Ct. 1807, 108 L.Ed.2d 938 (1990); *Hollis v. Department of the Army,* 856 F.2d 1541, 1544 (D.C.Cir.1988); *Farries v. Stanadyne/Chicago Div.,* 832 F.2d 374, 377–78 (7th Cir. 1987). The parties' awareness that a motion to dismiss should be converted will not render the error harmless if the record is insufficient to support summary judgment. *See Layton,* 919 F.2d at 1335.

■ Our review of the record convinces us that the failure to provide the plaintiff with an opportunity to provide further materials to the district court was not harmless error in this case. The parties dis-

---

**2.** The parties do not specifically contend the motions should have been converted. However, the issue was discussed during oral argument. Additionally, in both his brief and at oral argument, Gibb contended the district court went beyond the faces of his complaints and conducted a factual analysis in ruling on the defendants' motions.

**3.** There is no doubt that the district judge treated the motions as motions to dismiss and not for summary judgement; his order specifically stated he was granting motions to dismiss and cited rules and cases related to such motions.

agree as to whether the handbook is properly characterized as an amendment to Gibb's written contract or as an independent document. There is also some dispute as to the location of certain key events; for instance, where Gibb received a copy of the handbook and where (and to whom) Scott made the communications that ultimately led to Gibb's dismissal. We are not certain that these issues are not relevant to the choice of law determination; therefore, the case must be reversed and remanded. On remand, the district court should notify the parties that the motions to dismiss will be treated as motions for summary judgment, and the parties should be given an opportunity to take appropriate steps (including, if necessary, conducting discovery) to support or resist them.[4]

## III. CONCLUSION

The defendants' motions to dismiss should have been converted to motions for summary judgment because the motions and Gibb's responses to those motions contained matters outside the pleadings. The court's failure to convert the motions and provide the parties with notice and an opportunity to further supplement the record constituted prejudicial error because we cannot ascertain with any certainty that the parties could not provide further evidence bearing on the crucial issues in this case. Therefore, we reverse and remand to the district court for further proceedings.

---

**4.** We decline to affirm the district court's dismissal of the complaint against Scott on the alternative ground that Gibb failed to adequately plead the cause of action. The district court's ruling on this regard was based on our prior interpretation of Missouri law as contained in *Institutional Food Mktg. Assoc. v. Golden State*

*Strawberries*, 747 F.2d 448, 454 (8th Cir.1984), and we are reversing the court's conclusion that Missouri law applies. In the event that Missouri law is eventually determined to be applicable to this case, we express no view on whether Gibb has complied with the requirements of *Institutional Food Mktg.*