52 F.3d 330
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 KI TRUST, by and through its Trustee, Alec Blackwell, Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee.
 No. 94-3278
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 17, 1995
Filed: Apr. 12, 1995
 
 Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 KI Trust appeals from the summary judgment entered against it by the district court,[1] contending that the district court erred in failing to give proper notice of its intent to treat the FDIC's motion to dismiss as one for summary judgment and by failing to give KI Trust an opportunity to resist the motion. KI Trust also contends that the district court erred by failing to require compliance with Local Rule 13.G of the Western District of Missouri.
 
 
 2
 In denying KI Trust's motion for reconsideration of its order granting summary judgment, the district court pointed out that KI Trust was well aware of the fact that the FDIC had submitted matters outside of its motion to dismiss and that under Fed. R. Civ. P. 12(b) the court could properly treat the motion as one for summary judgment. The district court went on to point out that although KI Trust's suggestions in opposition to the motion to dismiss recognized that the court could treat a Rule 12(b)(6) motion as one for summary judgment, KI Trust had failed to present any evidence that would preclude summary judgment in favor of the FDIC. The district court concluded that the error, if any, to give KI Trust further opportunity to respond was harmless in view of the fact that material facts were neither disputed nor missing from the record, citing Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992).
 
 
 3
 In Gibb v. Scott, the district court failed to treat a motion to dismiss as a motion for summary judgment and failed to give the parties notice and an opportunity to provide further materials. Nevertheless, we believe what was said about harmless error in that context applies with equal force to this case. We agree with the FDIC that the material facts in this case were simple and uncontroverted: KI Trust submitted a bid for property that altered the terms of the real estate purchase agreement submitted to all bidders, thus rendering its bid invalid and subject to rejection. Thus, any error in failing to give KI Trust additional time to submit additional materials in opposition to those submitted by the FDIC was harmless at best, as was any error resulting from the failure of the district court to require compliance with Local Rule 13.G.
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Howard F. Sachs, Senior United States District Judge for the Western District of Missouri