# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1118

_____

|  |  |  |
|---|---|---|
| BJC Health System, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Columbia Casualty Company, | * | |
| doing business as CNA HealthPro, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:   September 12, 2003

Filed:   November 3, 2003

_____

Before WOLLMAN, HEANEY, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

This appeal follows the district court's dismissal of plaintiff-appellant BJC Health System's ("BJC") amended complaint for failure to state a claim upon which relief could be granted. We reverse and remand.

## I.

BJC is the sole shareholder of ATG Assurance Company Limited ("ATG"). Columbia Casualty Company, doing business as CNA HealthPro ("Columbia"),

provided reinsurance to ATG for policy years 1998 and 1999 at a fixed premium. ATG and Columbia executed contracts for each year of reinsurance coverage.

BJC's complaint contends that Columbia was obligated to fix ATG's reinsurance premium for policy year 2000 because of a separate premium-guarantee contract between BJC and Columbia. BJC alleges that Columbia breached the premium guarantee and that as a result BJC was required to pay ATG's more costly policy year 2000 reinsurance premiums.

Columbia moved for dismissal of BJC's complaint under Fed. R. Civ. P. 12(b)(6), attaching to the motion three documents, which it argued were the only documents that might give rise to BJC's claim. Two were the reinsurance agreements between ATG and Columbia for policy years 1998 and 1999. The third was a September 21, 1998, reinsurance quotation letter from Columbia. After referring to the documents, the district court granted the motion and dismissed BJC's claim, holding that BJC did not have a contract with Columbia and that BJC lacked standing to sue as a third-party beneficiary of ATG's contract with Columbia. We review de novo the district court's dismissal of the complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697-98 (8th Cir. 2003).

## II.

BJC argues that the district court erred when it referred to the documents attached to the motion to dismiss. The documents, BJC maintains, are "matters outside the pleading," requiring the motion to dismiss to be treated as a motion for summary judgment. See Fed. R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").

Columbia responds that because the documents are necessarily embraced by the complaint, they are not matters outside the pleading, citing our decisions that state that a plaintiff may not avoid an otherwise proper motion to dismiss by failing to attach to the complaint documents upon which it relies. See, e.g., Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997) (holding that the statements in question could have properly been considered as a part of the motion to dismiss because they were the sole basis for the complaint and their content was not disputed). Alternatively, Columbia argues that BJC had notice of the conversion into a motion for summary judgment and should have provided the district court with evidence supporting its allegations.

BJC replies that it should not have been required to engage in a "battle of the documents" so early in the litigation, noting that the existence of a contract can be proved through documentary as well as other types of evidence. Rather, BJC maintains it should have been given the opportunity to discover additional evidence supporting its allegations.

Rule 12(b) is not permissive. "[T]he motion shall be treated as one for summary judgment . . . ." Id. (emphasis added). "Most courts . . . view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992) (quoting Wright & Miller, Federal Practice and Procedure § 1366). This interpretation of the rule is "appropriate in light of our prior decisions indicating a 12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint." Gibb, 958 F.2d at 816. There must be reliance by the district court on the matters outside the pleading before it can be said that a motion to dismiss has been converted into one for summary judgment. Casazza v. Kiser, 313 F.3d 414, 418 (8th Cir. 2002).

We conclude that the three documents Columbia provided to the district court constitute matters outside the pleading. The documents may or may not be the only legal agreements relevant to BJC's alleged contract with Columbia, and their significance is disputed. Furthermore, the documents were provided "in opposition to the pleading." For what purpose would Columbia have provided the documents to the district court, other than to discredit and contradict BJC's allegations? Columbia's contention that the documents were necessarily embraced by the complaint is, we believe, insufficient to save the district court's order. It is true that the plaintiff must supply any documents upon which its complaint relies, and if the plaintiff does not provide such documents the defendant is free to do so. Here, however, BJC alleged the existence of a contract, not a specific document, and the documents provided by Columbia were neither undisputed nor the sole basis for BJC's complaint.

Our determination that the materials are matters outside the pleading does not complete our inquiry, however, for it remains to decide whether the district court's consideration of the documents constituted harmless error. Gibb, 958 F.2d at 816. Consideration of matters outside the pleading is harmless where "the nonmoving party had an adequate opportunity to respond to the motion and material facts were neither disputed nor missing from the record." Id. at 816; see also Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1005 (8th Cir. 2000) (holding that error is harmless if plaintiff could not possibly provide countervailing evidence or if plaintiff is put on constructive notice that the district court will consider materials outside the pleading).

Here, BJC was never given notice nor an opportunity to discover or to provide additional evidence. See Gibb, 958 F.2d at 816-17. Additionally, the September 21, 1998, quotation letter provided by Columbia refers to BJC and not just ATG. The parties disagree as to the significance of this reference. The two reinsurance contracts only limit rights "under [these] certificate[s]," which leaves open questions about the

parties' rights (or the rights of anyone else) under any other written or oral contracts or elements thereof. Thus, the district court should have provided BJC an opportunity to submit evidence in support of its allegations.

Columbia argues that BJC's complaint was insufficient on its face to state a claim for breach of contract. Columbia maintains that the allegation that "Columbia Casualty contracted with BJC for reinsurance of ATG" at a guaranteed premium and that "Columbia Casualty failed and refused to provide the insurance [sic] for the guaranteed premium" is insufficient to state a claim under Missouri law. According to Columbia, this allegation asserts a conclusion of law and thus fails to satisfy pleading requirements. We disagree.

Under the Federal Rules, it is not necessary to plead every fact with formalistic particularity. Fed. R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). Rather, the question for us is whether BJC's complaint put Columbia on notice as to the substance of the claim. Swierkiewcz v. Sorema N.A., 534 U.S. 506, 512 (2002); Parkhill v. Minn. Mut. Life Ins. Co., 286 F.3d 1051, 1057-58 (8th Cir. 2002). We conclude that it did. The allegations that BJC had a binding agreement with Columbia, that Columbia breached the agreement, and that BJC suffered injury as a result of the breach, are sufficient to satisfy the requirements of Rule 8(a).

The order of dismissal is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

_____