# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3260

_____

Enervations, Inc.,                                  *
                                                    *
    Plaintiff - Appellant,                    *
                                                    *   Appeal from the United States
v.                                                  *   District Court for the
                                                    *   District of Minnesota.
Minnesota Mining and Manufacturing                  *
Company,                                            *
                                                    *
    Defendant - Appellee.                     *

_____

Submitted:  May 12, 2004
Filed:  August 23, 2004

_____

Before LOKEN, Chief Judge, BRIGHT, Circuit Judge, and DORR,[*] District Judge.

_____

LOKEN, Chief Judge.

Enervations, Inc. commenced this action against Minnesota Mining & Manufacturing Co. (3M) alleging breach of an Authorized Distributor Agreement (the Agreement) that granted Enervations the exclusive right to distribute 3M window film products in a designated territory. The district court[1] granted 3M's motion to

_____

[*]The HONORABLE RICHARD E. DORR, United States District Judge for the Western District of Missouri, sitting by designation.

[1]The HONORABLE DONOVAN W. FRANK, United States District Judge for the District of Minnesota.

dismiss all claims as time-barred. Enervations appeals, arguing only that the court abused its discretion in denying Enervations' oral motion to amend its complaint to cure the timeliness defect in one of its five breach of contract claims. We affirm.

Count II of the complaint alleged that, "on January 1, 2002, 3M improperly and unlawfully terminated" the Agreement. Counts I, III, IV, and V accused 3M of violating Enervations' rights as an exclusive distributor between 1999 and 2001. Enervations filed this diversity action on December 30, 2002, and served 3M on March 17, 2003. The Agreement provided that any action for its breach "must be commenced within one (1) year after the later to occur of (i) the date on which the breach occurs, or (ii) the date on which the other party either obtains knowledge of or should have known of the breach."

In a diversity suit, state law governs whether the applicable statute of limitations is tolled by the filing or by the service of a complaint. Walker v. Armco Steel Corp., 446 U.S. 740, 751-53 (1980). The parties agree that Minnesota law governs this dispute. Under Minnesota law, the parties to a contract may reduce the statute of limitations on actions for its breach "to not less than one year." MINN. STAT. ANN. § 336.2-725(1). An action is commenced "when the summons is served upon [the] defendant." MINN. R. CIV. P. 3.01(a); see Larsen v. Mayo Med. Ctr., 218 F.3d 863, 867 (8th Cir.), cert. denied, 531 U.S. 1036 (2000). Thus, this action was commenced for statute of limitations purposes on March 17, 2003, when Enervations served the complaint on 3M. The district court therefore concluded that all five counts of the original complaint are time-barred by the one-year limitations period in the Agreement. Enervations does not challenge that ruling on appeal.

In support of its motion to dismiss Count II, the claim of wrongful termination, 3M relied on the allegation in the complaint that 3M terminated the Agreement by letter dated January 1, 2002, more than fourteen months before the action was commenced. In opposition, to support its argument that the Agreement remained in

effect until 3M ended the relationship in April, Enervations submitted 3M's January 1 termination letter and a January 25, 2002, document entitled "Memorandum of Understanding -- Distributor Transition Agreement."

At the hearing on 3M's motion, counsel for Enervations argued that the Agreement continued in effect until April 23, that Count II was "inartfully drafted," and that the defect would be cured if the complaint was amended to allege that the Agreement "was terminated on January 1, *effective April 23 of 2002*." When the district court observed that no motion to amend had been filed prior to the hearing, counsel urged the court to grant leave to amend. Over two weeks later, with no motion to amend filed in the interim, the court granted 3M's motion to dismiss. In its Memorandum Opinion and Order, the court did not refer to Enervations' oral motion to amend. However, the court stated that the termination letter and the Memorandum of Understanding do not support Enervations' position because both "are explicit that the Agreement had been terminated." This appeal followed.

We review the district court's denial of a motion for leave to amend for abuse of discretion. See Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002). Rule 15.1 of the District of Minnesota Local Rules requires a party moving to amend to "file such motion and . . . attach a copy of the amended pleading to the motion." Here, Enervations failed to file a motion to amend or an amended pleading. A district court rarely abuses its discretion in denying a motion to amend for failure to comply with such a local rule. See Prof'l Mgmt. Assocs. v. KPMG LLP, 335 F.3d 800, 804 (8th Cir. 2003), cert. denied, 124 S. Ct. 1176 (2004); Dudek v. Prudential Sec., Inc., 295 F.3d 875, 880 (8th Cir. 2002). However, the district court did not deny the motion for this reason.

"Leave to amend will be denied if the proposed amended pleading would be futile." Grandson v. Univ. of Minn., 272 F.3d 568, 575 (8th Cir. 2001), cert. denied, 535 U.S. 1054 (2002); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Wiles, 280

F.3d at 871. The issue here is whether an amendment alleging that the Agreement was terminated "effective April 23, 2002" would be futile. Though "matters outside the pleading" may not be considered in deciding a Rule 12 motion to dismiss, documents "necessarily embraced by the complaint" are not matters outside the pleading. See BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687 (8th Cir. 2003); GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384-85 (10th Cir. 1997), and cases cited. 3M's termination letter clearly was "necessarily embraced by the pleadings." See Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co., 967 F. Supp. 1148, 1152 (D. Minn. 1997). Because Enervations construes the Memorandum of Understanding as amending the Agreement, rather than constituting a new contract, the Memorandum of Understanding is also a document embraced by the amended complaint that Enervations seeks leave to file. Thus, both documents are properly part of the Rule 12 record.

Under Minnesota law, the interpretation of an unambiguous contract "is a question of law and is reviewed de novo" on appeal. Winthrop Res. Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 470 (8th Cir. 2004). After reciting that Paragraph 9C of the Agreement gave 3M the right to terminate immediately, 3M's January 1, 2002 letter unambiguously stated: "Such notice of immediate termination of [the Agreement] is hereby given . . . ." Likewise, after reciting that 3M had terminated the Agreement effective January 1, 2002, paragraph 1 of the Memorandum of Understanding unambiguously provided:

> This MOU and the terms and conditions herein, and the rights and privileges conferred hereby, shall be without prejudice to the Parties' respective rights under [the Agreement] or otherwise, including but not limited to 3M's claim that it has terminated [the Agreement] and Enervations' claim that 3M does not have the right to terminate [the Agreement] . . . .

Like the district court, we conclude that these contract documents unambiguously support 3M's contention that it terminated the Agreement on January 1, 2002, and therefore that Enervations' claim for wrongful termination accrued on that date. By its express terms, the Memorandum of Understanding was a new interim agreement. The fact that the termination letter and the Memorandum of Understanding stated 3M's willingness to negotiate a new contractual relationship, and the fact that Enervations continued to function as an authorized 3M distributor during the subsequent negotiations, do not negate the unambiguous January 1 notice of immediate termination.[2] Thus, Enervations' oral motion for leave to amend was properly denied. The proposed amendment was futile because, even if so amended, Count II would still be time-barred.

The judgment of the district court is affirmed.

_____

[2]At oral argument, Enervations argued for the first time that its wrongful termination cause of action did not accrue until April 2002 because Enervations incurred no termination damages until the relationship ended. This contention goes to the merits of the district court's dismissal of the original complaint, which Enervations did not appeal. In any event, the contention is without merit. "It is well-settled that a cause of action for breach of contract accrues immediately on a breach, though actual damages resulting therefrom do not occur until afterwards." Cargill, Inc. v. Prods. Eng'g Co., 627 F. Supp. 1492, 1498 (D. Minn. 1986) (applying Minnesota law; internal quotation marks omitted).