# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2749

_____

James M. Hart,                              *
                                            *
        Appellant,                          *
                                            *   Appeal from the United States
    v.                                      *   District Court for the
                                            *   District of Minnesota.
Aurora Loan Services, Inc.;                 *
Wachovia Mortgage Corporation,              *        [UNPUBLISHED]
                                            *
        Appellees.                          *

_____

Submitted: May 14, 2008
Filed: August 8, 2008

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

James M. Hart appeals the district court's grant of summary judgment in favor of Aurora Loan Services, Inc. ("Aurora") and Wachovia Mortgage Corporation ("Wachovia") (collectively, defendants), and the district court's[1] denial of his motion for leave to amend the complaint. We affirm.

_____

[1] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

In 1990, Hart purchased a home at 459 Geneva Avenue in Oakdale, Minnesota. Hart's home was mortgaged by First Union Mortgage Corporation, which is now Wachovia, and he paid $436 each month for a number of years. On or about November 12, 1999, Aurora began servicing Hart's mortgage. Hart avers that neither Wachovia nor Aurora informed him that his mortgage was being transferred; therefore, he claims, he continued to send his monthly payments to Wachovia. Hart also avers that Wachovia occasionally forwarded the payments to Aurora. Aurora asserts, however, that on October 19, 1999, it sent Hart a letter informing him that his mortgage had been transferred and instructed him how to make future payments.

Aurora contends that, starting in July 2000, it did not receive payments from Hart. On September 8, 2000, Aurora sent Hart a letter notifying him that his mortgage was in default. On October 23, 2000, Aurora's attorney sent Hart a letter stating that foreclosure proceedings were commencing. On October 25, 2000, Hart received a letter from Aurora returning his September 1, 2000, check, which the letter advised was being returned because it was not sufficient to bring the loan current. On October 30, 2000, a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage was recorded with the Washington County, Minnesota Office of the County Recorder, and on November 28, 2000, a Notice of Mortgage Foreclosure and Homestead Designation was posted on the front and back doors of Hart's home. He was also mailed a copy of the notice. A letter from Hart's previous attorney indicates Hart saw the notice posted on his home.

On January 4, 2001, a sheriff's sale of Hart's property was conducted, and Mortgage Electronic Registration Systems, Inc. (MERS) purchased the property. On January 16, 2001, the Sheriff's Certificate of Sale and Foreclosure Record was recorded in Washington County. On January 3, 2002, MERS assigned the Sheriff's Certificate of Sale and Foreclosure Record to North Point Investments Corp., and on March 2, 2002 Hart was evicted from the property. The property now has new owners.

On January 3, 2007, Hart filed the complaint in the instant matter, alleging in the "facts" section that "WMC's failure to forward Jimmie Hart's mortgage payments to Aurora caused Aurora to foreclose on the Property and caused Jimmie Hart to suffer substantial injury and damage" and also that "Aurora . . . failed to satisfy the requirements for service by publication." In the proposed amended complaint, Hart claimed that Wachovia "fraudulently concealed and converted his mortgage-payment checks," "impliedly misrepresented to Aurora that he was delinquent in his mortgage payments," and "negligently failed to credit the checks to Jimmie Hart's mortgage loan account or forward the same to Aurora." As to Aurora, the amended complaint alleged that Aurora "fraudulently misrepresented that he was in arrears in his mortgage payments to enable Aurora fraudulently or negligently [to] sell and dispossess Jimmie Hart of his property," "received Jimmie Hart's mortgage payment checks from Wachovia but negligently failed to credit the checks to Jimmie Hart's mortgage loan account," and "failed, neglected or refused to account" for all the mortgage payment checks that it received.

After a hearing on Hart's motion to amend his complaint and defendants' motions to dismiss, the district court granted defendants' motions to dismiss and denied Hart's motion to amend his complaint. Because the district court considered matters outside the pleadings in resolving the motions to dismiss, it converted them into summary judgment motions. *See BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687–88 (8th Cir. 2003) (stating that when matters outside the pleadings are considered, a motion to dismiss must be treated as a motion for summary judgment). In granting summary judgment for defendants the district court concluded that Hart withdrew or abandoned his claim regarding requirements for service by publication because it did not appear in his amended complaint. In any event, the district court considered the claim time barred by the five-year statute of limitations that applies to claims regarding defects in foreclosure notice and dismissed it. *See* Minn. Stat. § 580.20, and Minn. Stat. §§ 582.25 and 27.

As to the proposed amended complaint, the district court found that it would be futile to allow Hart to amend his complaint because the proposed complaint contained no cognizable legal claim nor did it set forth sufficient facts to support his allegations. Also, the complaint did not satisfy the heightened pleading requirements for claims of fraud, *see* Fed. R. Civ. P. 9(b), and Hart's claims for fraud or negligence were time barred by Minnesota's general six-year statute of limitations. Minn. Stat. § 541.05. The court noted, additionally, that the 15-year statute of limitations for challenging foreclosures per se, Minn. Stat. § 580.21, did not apply. Therefore, the district court held that any amendment of the complaint would be futile.

Having reviewed de novo the district court's grant of summary judgment, *Riley v. Lance, Inc.*, 518 F.3d 996, 999 (8th Cir. 2008), and the denial of the motion for leave to amend the complaint, *In re K-tel Intern., Inc. Sec. Litig.*, 300 F.3d 881, 899 (8th Cir. 2002), we conclude that the grant of summary judgment for Wachovia and Aurora was proper, as was the denial of Hart's motion to amend the complaint for the reasons set forth by the district court. Accordingly, we affirm on the basis of the district court's opinion. *See* 8th Cir. Rule 47B.

_____