KELLY, Circuit Judge,
concurring.
I write separately because I disagree with the court’s conclusion that Donohue’s affidavit does not contradict the complaint. In so concluding, the court notes that the complaint does, not specify where the defamatory statements were published. Thus, the court explains, Donohue’s allegation that the statements were published in New York does not contradict the complaint, and the district court did not err by relying on it in granting the motion to dismiss. But “the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.” Joyce, 635 F.3d at 367 (quoting Jessie, 516 F.3d at 713 n.2)). Furthermore, “a plaintiff need not plead facts responsive to an affirmative defense before it is raised.” Braden v. Wal-Mart Stores Inc., 588 F.3d 585, 601 n.10 (8th Cir. 2009).
The complaint' alleges that “[t]he Catholic League ... and William Donohue have committed tortious acts within [Missouri] and Jackson County,” and that “various tortious acts occurred and damages were first sustained by the Plaintiff’ in Missouri. The “tortious act” underlying a defamation claim is the publication of a defamatory statement. See Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 70 (Mo. banc 2000) (listing elements of defamation). Though the allegations of the complaint are not particularly specific, accepting the factual allegations of the eomplaint as true and “construing] all reasonable inferences from those facts most favorably to” Couzens, Minn. Majority, 708 F.3d at 1055, one can reasonably infer that the complaint charges that the statements were published in Missouri, and therefore that the complaint itself does not establish a statute of limitations defense, see Schmidt v. Skolas, 770 F.3d 241, 248 (3d Cir. 2014) (“[A] complaint does not fad to state a claim simply because it omits facts that would defeat a statute of limitations defense.”).
The district court explicitly relied on Donohue’s affidavit to find that the statements were published in New York and that Couzens’ defamation claim was consequently time-barred. In my view, Dono-hue’s affidavit — which is not a public record or embraced by the pleadings, and whose truth mandates the dismissal of Couzens’ defamation claim — is most fairly described as contradictory to the complaint. I would therefore find that the district court erred in relying on Donohue’s affidavit without converting the motion into one for summary judgment. See Fed. R. Civ. P. 12(d); Court v. Hall Cty., 725 F.2d 1170, 1172 (8th Cir. 1984) (“[I]f the defendant files an affidavit in support of a Rule 12(b)(6) motion to dismiss, the district court must treat the motion as one for summary judgment unless it decides to exclude the affidavit in considering the motion.”).
However, “[c]onsideration of matters outside the pleading is harmless [and does not require reversal] where ‘the nonmov-ing party had an adequate opportunity to respond to the motion and material facts were neither disputed nor missing from *520 the record.’ ” BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 688 (8th Cir. 2003) (quoting Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992)); see Country Club Estates, 213 F.3d at 1005 (noting constructive notice that the district court -will consider matters outside the pleading can be sufficient). Couzens had over four months to respond to the defendants’ motion to dismiss. In his response, Couzens argued that the court should apply the statute of limitations of the place of injury, rather than the place of initial publication. However, Couzens did not dispute before the district court — or before this court — that the allegedly defamatory statements were “published” in New York, as that term is defined in our case law. See Patch, 652 F.2d at 756-57 (rejecting theory that a cause of action can originate in multiple locations based on where injury is suffered because such a rule would not effectuate the Missouri borrowing statute’s anti-forum shopping purpose). Couzens did not attach any materials to his response or request to do so. Because Couzens had ample opportunity to respond to the defendants’ motion and the record demonstrates no disputed facts, I would find that the court’s error was harmless. See Davis v. Johnson Controls, Inc., 21 F.3d 866, 867 (8th Cir. 1994) (finding any lack of formal notice that the district court would consider affidavits attached to alternative motion for summary judgment in ruling on motion to dismiss harmless given the plaintiffs adequate opportunity to respond and the absence of missing or disputed material facts); cf. Gibb, 958 F.2d at 817 (remanding when parties disputed the location of key events and the district court did not allow plaintiff an opportunity to provide further materials); BJC Health Sys., 348 F.3d at 688 (remanding when the record revealed disputed facts). For this reason, I concur.