# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-1747

———————————————

Samuel Zean, on behalf of himself and all others similarly situated

*Plaintiff - Appellant*

v.

Fairview Health Services

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

——————————

Submitted: December 13, 2016
Filed: May 26, 2017

——————————

Before LOKEN, MURPHY, and KELLY, Circuit Judges.

——————————

LOKEN, Circuit Judge.

Fairview Health Services is a nonprofit corporation that operates hospitals and clinics in Minnesota and sells medical devices under the business name Fairview Home Medical Equipment ("Fairview"). Samuel Zean brought this putative class action, alleging that after purchasing a medical device from Fairview he received numerous telemarketing calls and voicemail messages soliciting him to buy home medical supplies from Fairview, calls that violated the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227. The district court[1] granted Fairview's motion to dismiss, concluding that Zean had not stated a plausible claim that Fairview made calls without the "prior express consent of the called party." Zean v. Fairview Health Servs., 149 F. Supp. 3d 1129 (D. Minn. 2016), quoting 47 U.S.C. § 227(b)(1)(A). Zean appeals, arguing the court erred in ruling that consent is an element of his TCPA claim, relying on documents that were not embraced by the complaint, and finding that the calls were within the scope of his consent. Reviewing the Rule 12(b)(6) dismissal *de novo*, we affirm. See Quintero Cmty. Ass'n v. F.D.I.C., 792 F.3d 1002, 1011 (8th Cir. 2015) (standard of review).

## I.

Recognizing that automated calls are often a nuisance and an invasion of privacy, Congress passed the TCPA to balance "individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade." Mais v. Gulf Coast Collection Bureau, Inc., 768 F.3d 1110, 1117 (11th Cir. 2014) (quotations omitted). As relevant here, the statute prohibits any person from making "any call (other than a call made . . . with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

Congress gave the Federal Communications Commission ("FCC") detailed directions to "prescribe regulations to implement the requirements of this subsection" in § 227(b)(2), and enacted a private right of action "based on a violation of this subsection or the regulations prescribed under this subsection" in § 227(b)(3). The FCC regulations provide that a nonprofit organization such as Fairview may not "[i]nitiate . . . any telephone call that . . . constitutes telemarketing . . . to any [cellular

---

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

telephone number] other than a call made with . . . the prior express consent of the called party." 47 C.F.R. § 64.1200(a)(2). Under the Hobbs Act, 28 U.S.C. § 2342 *et seq.*, federal courts lack jurisdiction over challenges to FCC orders and regulations "other than on appeals arising from agency proceedings." Nack v. Walburg, 715 F.3d 680, 682 (8th Cir.), cert. denied, 134 S. Ct. 1539 (2013).

The FCC has issued a series of Rules and Regulations implementing the TCPA that are relevant to the issues on appeal. The 1992 Rules stated that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8769 (Oct. 16, 1992). The 2008 Rules clarified "that autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible calls made with the 'prior express consent' of the called party." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559, 568 (Jan. 4, 2008). However, "prior express consent is deemed to be granted only if the wireless number was provided by the consumer . . . during the transaction that resulted in the debt owed." Id. at 564-65. In addition, because "creditors are in the best position to have records . . . showing such consent," if a question arises as to whether express consent was provided, "the burden will be on the creditor to show it obtained the necessary prior express consent." Id. at 565.

The FCC's 2015 Rules applied the agency's 2008 interpretation to more than debt collection: "regardless of the means by which a caller obtains consent, under longstanding Commission precedent, if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the caller to prove that it obtained the necessary prior express consent." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 FCC Rcd. 7961, 7990 (July 10, 2015). The FCC also confirmed that "the scope of consent

must be determined upon the facts of each situation." Id. at 8028 (quotations omitted). "[N]either the Commission's rules nor its orders require any specific method by which a caller must obtain . . . prior express consent." Id. at 7990.

## II.

Zean's Class Action Complaint alleged that he purchased a medical device from Fairview in September 2014 that requires periodic purchases of replacement supplies. Zean began receiving on his cellular telephone automated telemarketing calls from Fairview referring to the device he had purchased and asking if he would like Fairview to send replacement supplies, including masks, headgear, filters, and tubing. When the calls went to Zean's voicemail, Fairview left a two-and-a-half-minute prerecorded message instructing Zean to press one to receive supplies, or press two if he did not wish to receive supplies. The Complaint alleged that Zean received approximately twenty-five calls between September 2014 and August 2015, when he filed the Complaint. He further alleged that he asked a Fairview employee to refrain from calling him with supply offers. "The employee agreed, and instructed Plaintiff to call . . . when he needed to order supplies." The Complaint did not date that conversation or allege that Fairview made any automated telemarketing calls after Zean asked Fairview to stop calling. Paragraph 40 alleged:

> 40. The telephone calls were made and the voicemail messages left through the use of an automated dialing service or an artificial or prerecorded voice and without the express written consent of [Zean] and the proposed Class members.

Fairview moved to dismiss the Complaint for failure to state a claim. In support, Fairview submitted employee Jill McCartney's declaration attaching two "Fairview business records relating to the Plaintiff, Samuel Zean." Exhibit A,

-4-

identified as a "true and correct copy of a redacted Fairview business record executed by Plaintiff," includes the following unredacted text:

> **Communication:** I understand Fairview may need to contact me in regard to my services and accounts. I give permission for Fairview and its approved agents to contact me by phone (including my cell phone). This may include the use of auto-dialers or pre-recorded messages.

Below this line and more redacted text are Zean's unredacted signature and the date, "8-29-14." Exhibit B, identified as a "true and correct copy of a redacted Fairview business record in which Plaintiff provided his cellular telephone number to Fairview," is a heavily redacted document that includes a heading, "Questionnaire," followed by unredacted text: "Name: Samuel G. Zean," and "cell phone . . . -1594." On page 6 appear Zean's unredacted signature and a date, "8/23/13."

At the hearing on Fairview's motion to dismiss, counsel for Zean argued:

> Defendant has submitted the Affidavit of Jill McCartney and two exhibits, Exhibit A and Exhibit B, on which they ask the Court to rule as a matter of law that Plaintiff provided consent within the meaning of the TCPA. This is Exhibit A, and it is completely redacted. We do not know what it is. . . . [E]verything is redacted except what purports to be my client's signature and the date and this assertion . . . that he understands Fairview may need to contact him in regard to their services and accounts, and he gives permission to have them contact him. Again, we do not know what this is. My client hasn't seen it, doesn't have a copy of it. I haven't seen it, and the Court hasn't seen it without redactions. So, it's obviously a very private document.

> This is Exhibit B. . . . It is completely redacted except for the last page, which interestingly was signed a year earlier than Exhibit A. My client . . . purchased a medical device from Fairview in September of 2014. This was signed apparently in 2013.

The district court asked counsel for Fairview during rebuttal, "How in the blazes do you expect me to trust documents that are totally redacted?" Counsel replied, "I would love, actually, to be able to have the full documents before you . . . . [b]ut I think I've got a problem under [HIPAA], and I think I've got a bigger problem under the Minnesota Health Records Act.[2] . . . You actually have to have a written, signed consent and authorization to release records from a patient with protected health information." Counsel for Zean did not reply to this colloquy.

The district court granted Fairview's motion to dismiss, concluding that the plain language of 47 U.S.C. § 227(b)(1)(A) means that "lack of prior express consent is an element of a Zean's prima facie case under the TCPA," that Exhibits A and B are documents "embraced by the pleadings" that may be considered in deciding the motion to dismiss, and that Exhibits A and B establish that Zean gave Fairview prior express consent to make calls to his cell phone relating to the purchase of replacement supplies for the medical device he purchased from Fairview. Zean, 149 F. Supp. 3d at 1132-35.

## III.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Quintero, 792 F.3d at 1009, quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

---

[2]These were references to restrictions in the federal Health Insurance Portability and Accountability Act ("HIPAA") and in the Minnesota Health Records Act ("MHRA"), Minn. Stat. § 144.293, subd. 1, which controls if its restrictions are more stringent than HIPAA's. See 45 C.F.R. § 160.203(b).

**A.** On appeal, Zean first argues the district court erred in concluding, contrary to governing FCC rulings, that lack of "prior express consent" is an element of his prima facie TCPA case, rather than an affirmative defense that Fairview must plead and prove. This contention ignores the relevant inquiry. The TCPA statute provides that Fairview is not liable if it made the calls in question "with the prior express consent of the called party." Regardless of which party bears the ultimate burden of persuasion on the question of consent,[3] Zean's Class Action Complaint would not have stated a facially plausible claim for TCPA relief without an allegation that Fairview did not have his "prior express consent" to make the calls. Moreover, even if a TCPA complaint lacking a no-consent allegation could survive a Rule 12(b)(6) motion to dismiss, Zean's Complaint *in fact included that allegation*.

Thus, whether consent is an affirmative defense is irrelevant to the Rule 12(b)(6) inquiry under Iqbal. If an affirmative defense "is apparent on the face of the

---

[3]The FCC rule is sensible, based on callers' superior access to records likely to show consent. See Schaffer v. Weast, 546 U.S. 49, 60 (2005) ("[T]he ordinary rule, based on considerations of fairness, does not place the burden upon a litigant of establishing facts peculiarly within the knowledge of his adversary."). Other circuits applying the FCC's rule have noted that consent is an "affirmative defense." See Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 1037, 1044 (9th Cir. 2017); Murphy v. DCI Biologicals Orlando, LLC, 797 F.3d 1302, 1305 (11th Cir. 2015). But the FCC's 2015 Order did not use the term "affirmative defense" and did not address the "important distinction between [a defendant's] burden of going forward with evidence establishing a prima facie case for [a defense or exception], and [a plaintiff's] ultimate burden of persuasion." NLRB v. Seedorff Masonry, Inc., 812 F.3d 1158, 1168 (8th Cir. 2016). The "ordinary default rule [is] that plaintiffs bear the risk of failing to prove their claims." Schaffer, 546 U.S. at 56. In this case, we need not, and do not, decide whether the FCC's characterization of consent as the caller's burden should be construed as limited to the burden of going forward with evidence on the issue. Cf. Dir., Office of Workers' Comp. Programs, Dep't of Labor v. Greenwich Collieries, 512 U.S. 267, 272 (1994).

complaint . . . [it] can provide the basis for dismissal under Rule 12(b)(6)." Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 983 (8th Cir. 2008) (citation omitted); see Steinhoff v. Star Tribune Media Co., 2014 WL 1207804, at *3 (D. Minn. Mar. 24, 2014) (dismissing TCPA claim on pleadings where prior express consent was apparent).

**B.** Zean next contends the district court erred in dismissing his Complaint because his prior express consent was not apparent from the face of the Complaint, and the district court erred in considering Exhibits A and B because they were not "embraced" by the Complaint. This is a recurring issue presented in a novel context. "Though 'matters outside the pleadings' may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." Enervations, Inc. v. Minn. Min. & Mfg. Co., 380 F.3d 1066, 1069 (8th Cir. 2004) (quotations omitted). If matters outside the pleadings "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

In general, materials embraced by the complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (quotation omitted). Stated more comprehensively:

> While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;" without converting the motion into one for summary judgment.

Miller v. Redwood Toxicology Lab, Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012), quoting 5B Wright & Miller, Federal Practice & Procedure § 1357 (3d ed. 2004).

Zean argues that Exhibits A and B were not embraced by his Complaint because they contradict the no-consent allegation in Paragraph 40. It is generally true that the district court must convert a Rule 12(b)(6) motion into one for summary judgment if it considers evidence "in opposition to the pleading." BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 688 (8th Cir. 2003). But the issue is not so simple in this case. "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003). This is true even if contract documents not attached to the complaint refute a breach-of-contract claim, or a claim that defendant breached a statutory or common law duty. See Gorog v. Best Buy Co., 760 F.3d 787, 793 (8th Cir. 2014); Dittmer Props., L.P. v. F.D.I.C., 708 F.3d 1011, 1021 (8th Cir. 2013); Enervations, 380 F.3d at 1069; Steinhoff, 2014 WL 1207804, at *2 (order form providing plaintiff's cellular number "embraced by" TCPA pleadings).

Here, the Complaint alleged breach of a statutory TCPA duty arising out of a contractual relationship, Zean's purchase of a medical device from Fairview. The Complaint alleged in conclusory fashion that Zean did not give Fairview express consent to make the calls. Exhibits A and B purport to be documents reflecting the contractual relationship that refute this conclusory allegation. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quotation omitted). In these circumstances we agree with the district court that "the exhibits at issue are embraced by the pleadings and will be considered by the Court." Zean, 149 F. Supp. 3d at 1134.

**C.** Zean further argues that the district court erred in considering the heavily redacted Exhibits A and B because he challenged their authenticity. We do not doubt that a genuine dispute as to the authenticity of a document claimed to be embraced

-9-

by the pleadings may require conversion of a motion to dismiss into one for summary judgment. But in this case, authenticity is a bogus issue.

Fairview submitted Exhibits A and B with its motion to dismiss. In response, Zean argued that the motion was based on matters outside the pleadings and that, "on its face, the purported written consent" did not extend "to prerecorded, telemarketing voicemails." At the hearing, counsel for Zean referred to the apparent consent reflected in Exhibit A and complained, "we do not know what this is." Though Zean objected to the district court considering these exhibits, at no time did Zean argue that the documents were not properly authenticated in accordance with Rule 901 of the Federal Rules of Evidence. Thus, the district court did not commit plain error in concluding that Exhibits A and B were properly authenticated documents reflecting an aspect of the parties' contractual relationship. See Woods v. Wells Fargo Bank, 733 F.3d 349, 356 (1st Cir. 2013); Davis v. HSBC Bank Nev., 691 F.3d 1152, 1160-61 (9th Cir. 2012); Kling v. Fidelity Mgmt. Trust Co., 270 F. Supp. 2d 121, 127-28 (D. Mass. 2003).

In response to Zean's objection, Counsel for Fairview explained that disclosure of the unredacted document without Zean's consent risked violating HIPAA and the more stringent MHRA. Zean did not respond further at the hearing. And at no time before the district court ruled did Zean (i) give consent to disclose the unredacted documents, (ii) affirm or deny that he signed Exhibit A and Exhibit B and they are or are not part of his contractual relationship with one or more Fairview entities, or (iii) ask the court to convert the motion to dismiss into one for summary judgment and permit limited discovery on the issues of prior express consent, the scope of any prior consent given, and the authenticity of Exhibits A and B. The reason for this tactical decision is not hard to infer, because opening up these fact-intensive issues would likely preclude class certification or establish that Zean was not a member of the putative class. Given the contractual relationship alleged in the Complaint, the

district court did not err in considering the documents as reflecting Zean's pre-purchase consent.

   **D.** Zean next argues the district court erred in finding that Fairview's telemarketing calls were within the scope of the consent established by Exhibit A to call the cell phone number appearing on Exhibit B. Pointing to the first sentence, "I understand Fairview may need to contact me," Zean argues Fairview has not shown a need to contact. The district court noted that the FCC's 2015 Rule provided "that the call must be closely related to the purpose for which the telephone number was originally provided." 30 FCC Rcd. at 8029 n.474. Here, the court concluded, Zean expressly consented to Fairview calling his cell phone number in regard to services and accounts. "Although Fairview may have been trying to ensure that it, rather than another supplier, procured Zean's business, the calls also served as a reminder and a means for Zean to purchase new supplies for his medical equipment." 149 F. Supp. 3d at 1134-35. We agree. Looking to the Complaint and Exhibits A and B, which are contractual documents embraced by the Complaint, it is apparent that Zean gave his prior express consent for the calls at issue. Accordingly, the Complaint failed to state a claim. "[W]hether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

   The judgment of the district court is affirmed.

KELLY, Circuit Judge, dissenting.

   I respectfully dissent because I disagree with the court's conclusion in Part III.C that the authenticity of the documents (Exhibits A and B) is not a viable issue in genuine dispute. Fairview attached to its motion to dismiss a declaration from a Fairview employee, along with two exhibits that Fairview characterizes as business documents. Exhibit A consists of two pages. The first page is entirely redacted; it

-11-

contains no visible text aside from the designation "Page 1 of 2" in the bottom right-hand corner. The second page is entirely redacted with these exceptions: a single paragraph labeled "Communication," which includes language regarding apparent consent; a signature purportedly belonging to Zean; and a date, August 29, 2014. Exhibit A does not contain Zean's phone number or contact information.

The second document, Exhibit B, contains even less. Of Exhibit B's six pages, four are entirely redacted—meaning that all of the text on each of these four pages, save a page number, is covered by a large black box. As to the remaining two pages, the first is redacted such that only the word "Questionnaire," the handwritten printed name Samuel G. Zean, and the last four digits of a cell phone number remain. The second page contains only a signature that Fairview alleges belongs to Zean and a date, August 23, 2013. Notably, Exhibit B—the only document containing a phone number—is dated a full year before the purchase giving rise to the calls in this case allegedly occurred. Neither Exhibit B nor the attached affidavit explains how Exhibit B relates to Zean's transaction with Fairview one year later or how Exhibit B relates to Exhibit A.

In deciding a motion to dismiss, a court may consider documents necessarily embraced by the pleadings, including "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." Ashanti, 666 F.3d at 1151 (internal quotation omitted). Assuming a contract between Fairview and Zean regarding his 2014 purchase is necessarily embraced by the pleadings, the court has no evidence aside from Fairview's affidavit that these heavily redacted exhibits are that contract. See Court v. Hall Cty., 725 F.2d 1170, 1172 (8th Cir. 1984) (defendant's affidavit constitutes matter outside the pleading that must be excluded in ruling on a Rule 12(b)(6) motion). And, the authenticity of the exhibits is disputed. Zean objected to the court's consideration of the exhibits in deciding the motion to dismiss in both his written opposition and at oral argument.

Rule 12(b)(6) is not permissive.  It states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d); see also BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 688 (8th Cir. 2003) (finding error in district court's consideration of documents outside the pleadings where the documents "may or may not be the only legal agreements relevant to [the plaintiff's] alleged contract with [the defendant]," and "the documents provided by [the defendant] were neither undisputed nor the sole basis for [the plaintiff's] complaint").  Despite Zean's objections and the district court's skepticism about the exhibits, the court considered these documents in ruling on Fairview's motion to dismiss, finding that they were necessarily embraced by the pleadings.  Because I believe the court erred in relying on these heavily redacted and contested documents without converting the motion into one for summary judgment, and Zean's complaint alleges that he did not consent to receive robocalls, cf. BJC Health Sys., 348 F.3d at 688 (finding harmless error), I would remand the case.

_____