KELLY, Circuit Judge,
dissenting.
I respectfully dissent because I disagree with the court’s conclusion in Part III.C that the authenticity of the documents (Exhibits A and B) is not a viable issue in genuine dispute. Fairview attached to its motion to dismiss a declaration from a Fairview employee, along with two exhibits that Fairview characterizes as business documents. Exhibit A consists of two pages. The first page is entirely redacted; it contains no visible text aside from the designation “Page 1 of 2” in the bottom right-hand corner. The second page is entirely redacted with these exceptions: a single paragraph labeled “Communication,” which includes language regarding apparent consent; a signature purportedly belonging to Zean; and a date, August 29, 2014. Exhibit A does not contain Zean’s phone number or contact information.
The second document, Exhibit B, contains even less. Of Exhibit B’s six pages, four are entirely redacted—meaning that all of the text on each of these four pages, save a page number, is covered by a large black box. As to the remaining two pages, the first is redacted such that only the word “Questionnaire,” the handwritten printed name Samuel G. Zean, and the last' four digits of a cell phone number remain. The second page contains only a signature that Fairview alleges belongs to Zean and a date, August 23, 2013. Notably, Exhibit B—the only document containing a phone number—is dated a foil year before the purchase giving rise to the calls in this case allegedly occurred. Neither Exhibit B nor the attached affidavit explains how Exhibit B relates to Zean’s transaction with Fairview one year later or how Exhibit B relates to Exhibit A.
In deciding a motion to dismiss, a court may consider documents necessarily embraced by the pleadings, including “documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.” Ashanti, 666 F.3d at 1151 (internal quotation omitted). Assuming a contract between Fairview and Zean regarding his 2014 purchase is necessarily embraced by the pleadings, the court has no evidence aside from Fair-view’s affidavit that these heavily redacted exhibits are that contract. See Court v. Hall Cty., 725 F.2d 1170, 1172 (8th Cir. 1984) (defendant’s affidavit constitutes matter outside the pleading that must be excluded in ruling on a Rule 12(b)(6) motion). And, the authenticity of the exhibits *529 is disputed. Zean objected to the court’s consideration of the exhibits in deciding the motion to dismiss in both his 'written opposition and at oral argument.
Rule 12(b)(6) is not permissive. It states: “If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.” Fed. R. Civ. P. 12(d); see also BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 688 (8th Cir. 2003) (finding error in district court’s consideration of documents outside the pleadings where the documents “may or may not be the only legal agreements relevant to [the plaintiffs] alleged contract with [the defendant],” and “the documents provided by [the defendant] were neither undisputed nor the sole basis for [the plaintiffs] complaint”). Despite Zean’s objections and the district court’s skepticism about the exhibits, the court considered these documents in ruling on Fairview’s motion to dismiss, finding that they were necessarily embraced by the pleadings. Because I believe the court erred in relying on these heavily redacted and contested documents without converting the motion into one for summary judgment, and Zean’s complaint alleges that he did not consent to receive roboealls, cfi BJC Health Sys., 348 F.3d at 688 (finding harmless error), I would remand the case.