# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2255
_____

Madison B. Turner

*Plaintiff - Appellant*

v.

ILG Technologies LLC

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: January 15, 2024
Filed: February 1, 2024
[Unpublished]
_____

Before LOKEN, COLLOTON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Madison Turner appeals following the district court's[1] dismissal of her diversity action against ILG Technologies LLC (ILG). Upon careful review, we

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

conclude that we lack jurisdiction to review the dismissal of the original complaint because the district court unequivocally informed Turner that the dismissal was a final decision pursuant to 28 U.S.C. § 1291, and Turner did not timely appeal it. See Hope v. Klabal, 457 F.3d 784, 789 (8th Cir. 2006); Dieser v. Cont'l Cas. Co., 440 F.3d 920, 923 (8th Cir. 2006).

As to the district court's dismissal of the second amended complaint, assuming, as Turner argues, that summary-judgment standards apply, we conclude that ILG was entitled to summary judgment. See Blair v. Wills, 420 F.3d 823, 826-827 (8th Cir. 2005). The license agreement disclaimed ILG's liability for damages, and while Turner argues that there is a genuine dispute regarding her acceptance of the agreement, she does not point to any evidence to rebut ILG's evidence that users of its software must accept the license agreement when they download the software. Further, Turner alleged in the operative pleading that she downloaded the software multiple times. See Grant v. City of Blytheville, 841 F.3d 767, 770 (8th Cir. 2016). While she argues that she did not have the opportunity to obtain evidence to dispute ILG's evidence, she does not explain what discoverable information she sought concerning the license agreement, or how it would have rebutted ILG's evidence. See BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 689 (8th Cir. 2003). We also conclude that ILG is not judicially estopped from relying on the license agreement. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B. We also deny the pending appellate motions.

_____

-2-