# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-2433

———————

Ronald Thompson,

    Plaintiff - Appellant,

v.

Gencare Health Systems, Inc.,

    Defendant - Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*   **[TO BE PUBLISHED]**
\*

———————

Submitted: January 10, 2000

Filed: February 14, 2000

———————

Before BOWMAN and LOKEN, Circuit Judges, and ALSOP,\* District Judge.

———————

PER CURIAM.

Linda Thompson was a participant in her employer's health benefits plan administered by Gencare Health Systems, Inc. ("Gencare"). The plan required Gencare to pre-certify as medically necessary and appropriate all medical procedures involving hospitalization or outpatient surgery. When Mrs. Thompson developed breast cancer, Gencare pre-certified, and she completed, a modified radical mastectomy followed by

———————

\*The HONORABLE DONALD D. ALSOP, United States District Judge for the District of Minnesota, sitting by designation.

conventional chemotherapy.  Regrettably, the cancer returned, and her treating physicians recommended that Gencare pre-certify a more aggressive treatment procedure, high dose chemotherapy accompanied by an autologous bone marrow transplant.  After consulting with three independent physicians, Gencare declined to pre-certify this treatment.  Mrs. Thompson continued other treatment, paid for by the plan, but the cancer returned again, and she died in March 1994.

Linda Thompson's husband Ronald commenced this action in state court, seeking damages for Gencare's alleged medical malpractice in refusing "to perform and/or provide high dose chemotherapy and/or bone marrow transplant procedures" to treat Linda Thompson's cancer.  Gencare removed the action and moved for summary judgment, arguing Thompson's claim is completely preempted by the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. §§ 1000 *et seq.*  Thompson moved to remand the case to state court.  Concluding that ERISA completely preempts Thompson's state law claims and provides him no remedy, the district court[1] denied the motion to remand and dismissed the complaint.  Thompson appeals.  We affirm.

This is a recurring legal issue.  The controlling principles are well-settled in this circuit, so a lengthy opinion is not required.  ERISA affords plan participants such as Linda Thompson a federal cause of action to recover plan benefits or to otherwise enforce the plan.  See 29 U.S.C. § 1132(a). ERISA expressly preempts state laws that "relate to" an ERISA plan.  See 29 U.S.C. § 1144(a).  Therefore, ERISA remedies preempt "state common law tort and contract actions asserting improper processing of a claim for benefits" under an ERISA plan. Pilot Life Ins.Co. v. Dedeaux, 481 U.S. 41, 43 (1987).  Applying Pilot Life, we have held that ERISA completely preempts a state law medical malpractice claim when "the essence of [the] claim rests on the denial of benefits." Hull v. Fallon, 188 F.3d 939, 943 (8th Cir. 1999).

_____

[1]The HONORABLE DONALD J. STOHR, United States District Judge for the Eastern District of Missouri.

Thompson argues that his medical malpractice claim is not preempted because Gencare "controlled" Linda Thompson's medical care and negligently refused to implement the treatment recommended by her treating physicians. We rejected this same argument in Kuhl v. Lincoln Nat'l Health Plan, Inc., 999 F.2d 298, 303 (8th Cir. 1993), cert. denied, 510 U.S. 1045 (1994). As in Kuhl, the summary judgment record establishes that Gencare's only role in Mrs. Thompson's cancer treatments was to make pre-certification benefit decisions on behalf of the plan. Although Mrs. Thompson was perhaps unable or unwilling to undergo costly treatments not covered by the plan, that does not mean Gencare as plan administrator controlled her medical care. Linda Thompson as patient and her treating physicians retained the ultimate decision-making authority regarding her medical care . If she disagreed with Gencare's pre-certification decisions, ERISA afforded her a timely equitable remedy to review Gencare's interpretation of the plan, a remedy she did not pursue.

In substance, Thompson now asserts a tort claim for damages on account of Gencare's allegedly wrongful benefits decisions as plan administrator. Pilot Life, Hull, and Kuhl make clear that claim is completely preempted by ERISA's remedies. As Thompson does not argue he has a remedy under ERISA, the judgment of the district court dismissing his complaint must be affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.